## 24261. STANTON v. STANTON.

ARGUED SEPTEMBER 12, 1967—DECIDED OCTOBER 5, 1967.

B. *Hugh Ansley, Paul L. Wayman,* for appellant.
*Frank P. Lappas,* for appellee.

GRICE, Justice. The enumeration of errors here arises from a judgment of contempt for failure to pay alimony and child support. The judgment was pursuant to a citation filed in the Superior Court of Bibb County by Mrs. Ruby T. Stanton against her former husband Eugene Stanton, Jr., alleging his wilful failure to make payments to her for the support of herself and their three children, as required by a decree, as modified. Enumerated as error are the exclusion of certain evidence, the failure to consider specified testimony, the rendition of stated findings, and the absence of a determination as to the amount due and the means for purging himself of the contempt.

■ We deal first with the enumerations relating to appellant's contention that he was not in contempt for failure to pay alimony to the wife because of their private agreement that he need not pay it.

(a) There is no merit in his complaint that the court should not have excluded a writing by appellee, allegedly reciting a forgiveness or voluntary discharge of his requirement under the decree to pay alimony for her benefit. The letter was written after the original 1960 divorce and alimony decree but before the appellant obtained its modification in 1962, which continued his obligation to provide for the appellee but reduced the amounts of the instalments. Under no theory could such a letter have constituted a forgiveness of sums due her under the modified decree.

(b) Nor is there any merit in his position that there was shown a voluntary departure by the parties from the strict terms of their original agreement and the subsequent decree based thereon, with payment and receipt of money thereunder, a quasi-new agreement. As to this, the evidence was in conflict. It authorized a finding that any departure from the terms of

the agreement and decree was not voluntary and that there had been no payments to the appellee since the 1962 modification.

(c) Likewise without merit is his contention that the trial court erred in ruling that testimony as to employment of the parties' 14-year-old son at a fruit stand which sold beer. was admissible only for the purpose of showing whether there was a wilful contempt by the appellant, and was not admissible for showing any private agreement of the parties as to alimony. The child's employment was not shown to be in any way connected with any alleged private agreement as to alimony.

■ Appellant also urges that the trial court erred in rejecting and discarding as evidence worthy of consideration the motive of appellee in bringing this action. This enumeration is clearly without substance. The motive of the appellee is immaterial.

■ It is urged by appellant that the court failed to give effect to uncontradicted evidence with respect to his present ability to pay under the terms of the modified decree, and that it made a finding based upon uncertain, contradictory and mathematically impossible testimony by appellee as to the alleged arrearage.

Instead of uncontradicted evidence of inability, there was evidence that the appellant was able, from the 1962 modification which he sought and obtained until the filing of this proceeding in 1967, to make the payments required of him. During that time he remarried, maintained an apartment and established a business from which he and his present wife drew $8,000 in 1966. It was no defense that in 1967 at the hearing he testified that "now" he could not pay what he owed under the decree.

As to the arrearage, the appellee testified that the appellant had not paid anything since the 1962 modification of the decree and that the arrearage amounted to more than $15,000, while he testified that he had made some payments directly to the children, but had not paid pursuant to the decree. Furthermore, since no determination was made as to the amount of arrearage (see Division 5, infra), it cannot be said that the court's finding "as to the amount of arrearage" was based on the testimony of appellee. Appellant's own testimony authorized the finding that was actually made, i.e., that he was "substantially in arrears." Therefore, the positions thus taken are not valid.

■· Appellant insists that the court erred in finding an· alimony decree to be in existence upon which an order for contempt could be based. He argues that during the pendency· ·of the divorce and alimony proceedings instituted by the appellee wife, he; ·by voluntary *deed,* transferred and assigned to her all of his material accumulations and thereby barred her right·to alimony. · In this contention he relies upon *Code* § 30-211; which provides that the husband may by voluntary deed make adequate· provision for the support and maintenance of his wife consistent with his means and her former circumstances and such deed shall be a bar to her right to permanent alimony.

This contention cannot be sustained.

The provision of *Code* § 30-211 for voluntary deed as a bar to permanent alimony is, by its own terms, limited to two instances, voluntary separation, or where the wife, against her will, is abandoned or driven off by the husband, and it contemplates the release of the husband from the wife's claims for permanent alimony. See *Code* §§ 30-210, 30-211; *Powell v. Powell,* 196 Ga. 694, 698 (27 SE2d 393). It has no application to cases of divorce where the agreement of the parties is made the court's judgment of permanent alimony, such as here. The decree in the instant case is a proper basis for the contempt judgment complained of.

■ Appellant also maintains that the judgment holding him in contempt is invalid in that it ordered his incarceration without making any finding or determination as to the amount of arrearage due, thus not specifying any manner or means whereby he could purge himself of the alleged contempt.

We agree with this contention.

This judgment provides, in material part, as follows: "The application for attachment for contempt . . . coming on regularly to be heard . . . and it appearing . . . that [the appellant husband] has wilfully failed and refused to comply with the . . . decree . . . of May 21, 1962, by being substantially in arrears in the payment of alimony and child support as provided in said order, and it is further ordered, adjudged and decreed that the sheriff . . . commit the [appellant husband] to . . . jail . . . unless he purges

himself of this contempt and until further order of the court . . ."

Nowhere in the judgment is there a finding of the amount due. Also, by its terms incarceration to jail is direct, not conditional, and no method is provided by which the appellant may purge himself.

Contempt proceedings for refusal to abide by alimony decrees authorize only conditional punishment pending the contemnor purging himself by paying such sums as he is able as shown by the evidence. See *Davis v. Davis,* 138 Ga. 8, 11-12 (74 SE 830); *McCullough v. McCullough,* 208 Ga. 776, 778-779 (69 SE2d 764); *Mathews v. Mathews,* 222 Ga. 311, 312 (149 SE2d 666); 24 AmJur2d 876, 877, Divorce and Separation, § 768; 27B CJS 122, Divorce, § 262(h).

For the foregoing reasons the judgment is affirmed in part and reversed in part, with direction that the trial judge recite in his judgment the amount due and the method by which appellant may purge himself.

*Judgment affirmed in part and reversed in part, with direction. All the Justices concur.*