## 31985. MEREDITH v. MEREDITH.

JORDAN, Justice.

Appellant was found to be in contempt of the alimony provisions of a divorce decree entered on January 2, 1974. The order below provided that appellant may purge himself of the contempt by paying the arrearage. The order awarded the former wife attorney fees.

The divorce decree incorporated an agreement of the parties which provided, among other things, weekly alimony payments in the amount of $100 and child support payments in the amount of $50 for each of the two children. It also recites that appellant would provide appellee with a new car each year. In the court below, appellant admitted that since November 1, 1975, he had paid appellee only $125 per week, and that he did not provide appellee with a new car in 1976. His defense to the contempt action was based on an alleged oral agreement between himself and appellee, in which the appellee agreed to accept $125 per week for alimony and child support, and agreed to accept a new car every third year instead of annually. The purported consideration for this agreement was the appellant's forbearance from initiating an action, under Code Ann. § 30-220, to have the decree modified on the grounds of a change in his income and financial status.

The trial court did not find whether an agreement had been made, or whether there was consideration for an agreement. It held that a final decree of divorce cannot "be amended by an oral agreement between the parties."

1. This court has repeatedly held that the parties may not, by their private agreement foreclose the court from exercising its judgment as to the question of alimony to be awarded in a divorce decree. See *Dodson v. Dodson,* 231 Ga. 789 (5) (204 SE2d 109) (1974), and cits. It would be anomalous indeed if the parties, by private agreement after the decree, could modify the terms of a judgment which they had no power to dictate to the court in the first place. Code Ann. § 30-220 provides the exclusive method

by which the alimony provisions of a divorce decree may be revised or modified. If the parties to a divorce decree agree to a modification of alimony, they must present their·agreement to the court for its approval.

This appears to be the rule in a majority of the states which have addressed this question. La Clare v. La Clare, 265 C. A. 2d 511 (71 Cal. Rptr. 516) (1968); Cahill v. Cahill, 316 Ill. App. 324 (45 NE2d 69) (1942); H. Clark, The Law of Domestic Relations in the United States, § 14.09 at 464-465 (1968).

Even assuming that the agreement existed as alleged by appellant, the court below, in a contempt action could not modify the terms of the divorce decree. *Herrington v. Herrington,* 231 Ga. 177 (200 SE2d 867) (1973). The trial court did not err in finding appellant in arrears under the decree.

2. Appellant maintains that even if the alleged agreement was ineffective to modify ·the terms of the divorce decree, that the trial court erred in failing to consider whether the alleged agreement was in fact made, and whether appellant's reliance on the agreement constituted a "justifiable reason" for his failure to abide · by the terms of the decree.

This contention has merit. In *Hawkins v. Edge,* 218 Ga. 463 (128 SE2d 493) (1962) the court approved and incorporated in the divorce decree an agreement of the parties as to custody, visitation rights, child support and continuing residence of the children within the state. Thereafter, the former wife remarried and wished to remove the children from the state. An agreement was made between the former wife and the former husband to the effect that the children could accompany her to her new out-of-state residence, and that he would no longer be required to pay the child support. Pursuant to this agreement, the former wife left the state with the children, and the former husband ceased paying alimony. Seven years later, the wife returned to the state with the children and brought an action for contempt for the failure to pay child support. The trial court found ·the agreement to be invalid, but nevertheless found that there was no wilful contempt. On appeal this court affirmed, finding that the trial court was authorized to

find that the failure to make the payments was not a result of the defendant's wilful disregard of the court order, but was occasioned by his reliance on an agreement which he "did not know...was invalid until the trial judge so decreed." Id. at 465. See also *Corriher v. McElroy*, 209 Ga. 885 (76 SE2d 782) (1953).

The trial court below, expressly declined to find whether the agreement claimed by appellant was ever in fact made and therefore failed to consider whether, because of reliance on the contract, appellant had a "justifiable reason" (Code Ann. § 30-219) for his failure to make the payments and to provide the automobile as required by the decree.

Since it appears that the trial court failed to consider the possible effect of the alleged agreement in finding appellant in contempt, and granting attorney fees to the appellee, we reverse and remand this case for further consideration of this issue. If it appears that an agreement was in fact made, and that appellant's failure to abide by the decree was the result of a good faith belief that the contract was effective to modify the decree, a finding of contempt would be inappropriate.

*Judgment reversed and remanded with direction. Nichols, C. J., Undercofler, P. J., Ingram, Hall and Hill, JJ., concur.*

ARGUED FEBRUARY 16, 1977 — DECIDED APRIL 6, 1977.

*Grant, Smith & Shiver, Truett Smith,* for appellant.
*C. Patrick Milford, Robert R. Struble,* for appellee.