54672, 54673. WHITEHEAD v. GREAT CENTRAL INSURANCE COMPANY (two cases).

BIRDSONG, Judge.

In case no. 54672, the trial court in a nunc pro tunc order granted appellee's motion to dismiss appellant's appeal in case no. 54673 on two grounds: (1) failure to pay costs promptly and/or file timely a pauper's affidavit; and (2) failure to allow discovery.

In case no. 54673, the appellant sought to appeal the trial court's grant of appellee's motion for summary judgment. Appellant contends in case no. 54672 that the trial court erred in granting appellee's motion as set forth above. *Held:*

We must first determine whether or not the trial court committed error in issuing an order nunc pro tunc after appellant's notice of appeal was filed, and we hold that this was not error. Code Ann. § 6-805 (f) provides: "If anything material to either party is omitted from the record on appeal or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected." This court decided in *Lee v. White Truck Lines,* 143 Ga. App. 94 (238

SE2d 120) that a nunc pro tunc order can be considered after the notice of appeal was filed.

The original notice of appeal was filed on March 1, 1977, and, since there was no transcript to be sent up, the record should have been transmitted within 20 days from that date. Code Ann. § 6-808 (a). On April 15, 1977, appellee filed a motion to dismiss appellant's appeal on the ground of unreasonable delay in transmission of the record to the Court of Appeals, caused by appellant's failure to pay costs. On April 22, 1977, appellant filed a pauper's affidavit 52 days after the notice of appeal, and 29 days after the record was completed and the bill of costs mailed.

The trial court found that the delay was both inexcusable and unreasonable. *Young v. Climatrol Southeast Distributing Corp.,* 237 Ga. 53 (226 SE2d 737); *McKissic v. S.S. Kresge,* 141 Ga. App. 604 (234 SE2d 96). We find no abuse of discretion. *Blanton v. Marchbanks,* 139 Ga. App. 158, 160 (228 SE2d 285); *Pickett v. Paine,* 139 Ga. App. 508 (229 SE2d 90).

*Judgment in case no. 54672 affirmed; case no. 54673 dismissed as being moot. Deen, P. J. and Webb, J., concur.*

ARGUED OCTOBER 6, 1977 — DECIDED DECEMBER 5, 1977 — REHEARING DENIED DECEMBER 20, 1977 —

*E. B. Shaw,* for appellant.

*Dennis, Corry, Webb, Carlock & Williams, Wade K. Copeland,* for appellee.