56226. RODES et al. v. CITIZENS & SOUTHERN NATIONAL BANK.

SHULMAN, Judge.

This appeal is from an order of the trial court dismissing appellant's appeal in a civil suit. The basis of the dismissal was that appellant caused an unreasonable and inexcusable delay in transmitting the record to the appellate court by failing to pay costs or to file a pauper's affidavit. Code Ann. § 6-809 (b).

1. In one enumeration of error, appellant contends that the court erred in its findings of fact. Those findings were that appellant's suit was dismissed October 12, 1977; that appellant's notice of appeal was filed November 7, 1977; that appellant's delay of 50 days in paying costs was unreasonable and inexcusable; and that the reason for the nontransmittal of the record was appellant's unreasonable and inexcusable delay in paying costs.

Contrary to appellant's assertions, those findings were supported by the evidence. The clerk of the court testified that when the record was prepared except for copying, appellant's counsel was made aware of the costs. She also testified that one of appellant's counsel spent

considerable time after notice of the costs attempting to reduce the size of the record. Appellant's counsel's testimony did not contradict that of the clerk and, in fact, agreed with her testimony. It was admitted that the costs were not paid until January, 1978.

That evidence, that appellant's counsel were informed of the costs and that they did not pay them until almost two months after filing the notice of appeal and more than one month after being informed of the costs, authorized the trial court's findings. See *Pickett v. Paine,* 139 Ga. App. 508 (229 SE2d 90); *Whitehead v. Great Central Ins. Co.,* 144 Ga. App. 422 (241 SE2d 302).

2. In the other enumeration of error argued in appellant's brief, appellant contends that the trial court erred in dismissing the appeal. The essence of appellant's argument on this issue is that the policies and conduct of the clerk of the trial court were the cause of appellant's failure to timely pay costs. Appellant claims that the appeal could not be dismissed on the ground that appellant caused the delay, because the record was still not ready for transmittal. Furthermore, appellant argues, there was never a final bill of costs; the clerk provided only an estimate of the costs.

The evidence fully authorized a finding that the bill of costs communicated to appellant's counsel was a final bill. However, appellant has given no reason why the costs were not paid or the bill of costs challenged in some manner. Instead, the testimony of the clerk and appellant's counsel showed that counsel tried to reduce the record so as to reduce the costs. There was no showing that the policies and conduct of the clerk prevented appellant from having the record sent up. The clerk's testimony was that, upon receipt of the costs, she could have had the record sent up within a day or two.

The trial court heard the evidence and arguments and, in the exercise of its legal discretion, found that the delay was due not to the clerk's conduct, but to that of appellant (through counsel). We find no abuse of that discretion and, in the absence of such abuse, will not disturb the trial court's determination. *Whitehead,* supra; *Malloy v. Aetna Cas &c. Co,* 143 Ga. App. 212 (237 SE2d 692); *Fuller v. Williams,* 143 Ga. App. 772 (240 SE2d 141).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

Submitted June 27, 1978 — Decided September 28, 1978 — Rehearing denied October 30, 1978.

*Robert L. Cork, Fred A. Gilbert,* for appellants.
*Tillman, Brice, McTier, Coleman & Talley, B. Lamar Tillman,* for appellee.