## 34862. PEYTON v. PEYTON.

JORDAN, Justice.

Appellee filed a motion for contempt alleging that appellant, her former husband, was $3,850 in arrears on child support payments. The complaint was based on the parties' 1973 divorce decree which awarded appellee $100 per month in child support and required appellant to sell the parties' residence and place the equity proceeds from this sale in a savings account with the interest to be used for additional child support until the child reached the age

of eighteen at which time the proceeds would revert to the appellant. This decree was upheld in *Peyton v. Peyton,* 236 Ga. 119 (223 SE2d 96) (1976). The trial court, while not holding appellant in wilful contempt, did order appellant to pay appellee $3,850 in owed child support. We affirm.

Appellant alleges that the trial court erred as a matter of law in concluding that no authority existed to grant appellant equitable relief by crediting appellant's child support obligation with the payments which he continued to make on the residence of appellee and his minor child. Appellant argues that appellee's wilful refusal to vacate the parties' former residence prevented its sale for five years, and that he should not be held liable for both mortgage payments and child support. He contends that under equitable principles these mortgage payments were voluntary payments made on behalf of the child and should be credited against his child support arrearages.

It remains the law in Georgia, *Wills v. Glunts,* 222 Ga. 647 (151 SE2d 760) (1966), and in most jurisdictions, 47 ALR3d 1039 and cits., that a party with an obligation of child support payments has no right to credit for the voluntary overpayment of the child support due without the request or consent of the party to whom it is owed. Nor can the parties by private agreement modify the terms of a divorce decree regarding child support. *Meredith v. Meredith,* 238 Ga. 595 (234 SE2d 510) (1977). Appellant attempts to bring himself within the narrow exception of *Daniel v. Daniel,* 239 Ga. 466 (238 SE2d 108) (1977), where the court held that under the "unusual combination of facts" presented in that case a father could be given credit for maintenance he provided outside of his obligations under a divorce decree.

In its final order, the trial court recognized that *Daniel v. Daniel,* supra, was to be narrowly construed and expressly found that its holding was not applicable to the facts before the court in this case. We agree.

In the *Daniel* case, pursuant to an agreement of the parties, the children were in the father's custody and he was totally supporting them. In this case, appellant testified that he stopped child support payments when he

848

was unable to pay both support payments and the mortgage on the parties' former residence. Appellant's defense that he could not sell the residence as required by the parties' divorce decree because appellee would not vacate the premises is meritless. By pursuing a motion for contempt, appellant could have removed appellee at any time. The practical effect of appellant's decision was that, while he did provide appellee and his child a place to live, he also increased his own equity in the property and denied appellee the additional child support she would have received from the interest on the proceeds from a sale of the property. These facts do not entitle appellant to credit in computing arrearages.

*Judgment affirmed. All the Justices concur.*

*Smith, Egerton, Longabaugh & Hendon, B. J. Smith,* for appellant.

*J. Stephen Clifford,* for appellee.