## 61555. McKINNON v. McKINNON.

CARLEY, Judge.

The appellant was divorced from appellee in March of 1968. On April 24, 1980 appellee instituted a garnishment proceeding in the State Court of Fulton County to collect accrued installments of child support allegedly due under the prior divorce decree and judgment. Thereafter, appellant filed a traverse to appellee's affidavit and a motion to dismiss the garnishment proceedings. After considering the record, argument and briefs for both parties, the trial court entered an order on June 24, 1980, overruling and denying appellant's motion to dismiss and his traverse.

On July 24, 1980 appellant filed a notice of appeal from the court's order of June 24, 1980. On September 29, 1980 appellee filed a motion in the trial court to dismiss the notice of appeal. The matter was heard before the court on October 17, 1980 and on the same day an order was entered dismissing appellant's notice of appeal for failure to pay costs. Appellant appeals from both the trial court's order of June 24, 1980 denying his motion to dismiss and the traverse of the garnishment proceedings and the order of October 17, 1980 dismissing the earlier notice of appeal.

1. Code Ann. § 6-809 (b) sets forth certain circumstances under which a trial court may exercise its discretionary powers to dismiss an appeal, one of which is "where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit." This subsection was amended in 1978 (Ga. L. 1978, p. 1986) to provide that ". . . no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail, of the amount of costs."

In the instant action the trial court's order entered October 17, 1980 dismissing appellant's notice of appeal states: "[T]he Court finds that the [appellant] has failed to pay the costs in this case nor has he filed a proper Pauper's Affidavit with the Clerk and the delay in prosecuting this appeal is unreasonable and the delay is inexcusable." The record discloses that appellant was notified of the amount of costs for preparation of the record by letter dated September 30, 1980. The notice does not appear to have been forwarded by either registered or certified mail as required by statute. However, even assuming that the notice was sufficient and that the 20 days began running on September 30, 1980, appellant had, at the very least, until October 20, 1980 to pay the costs. See *Exum v.*

*City of Valdosta,* 246 Ga. 169 (1) (269 SE2d 441) (1980). The record further indicates that appellant tendered payment of such costs on or before October 20, 1980 and shows conclusively that the very order dismissing the appeal was entered on October 17, 1980 — 3 days prior to October 20, 1980. In view of the foregoing we must conclude that the trial court erred in dismissing appellant's notice of appeal. Compare *Ford v. Liberty Loan Corp.,* 153 Ga. App. 309 (265 SE2d 113) (1980); *Rodes v. C. & S. Nat. Bank,* 147 Ga. App. 782 (1) (250 SE2d 513) (1978).

2. Having determined that the trial court erred in dismissing appellant's notice of appeal, we now consider the propriety of the court's order of June 24, 1980 denying appellant's motion to dismiss the garnishment proceedings and overruling his traverse to appellee's affidavit. Both the motion to dismiss and traverse asserted that appellee's affidavit for garnishment was legally insufficient and that the garnishment proceeding was based upon a dormant judgment and barred by the applicable statute of limitations. In addition, the traverse contained a specific denial of each and every averment of the affidavit. On appeal, appellant also contends it was error for the trial court to overrule his traverse without holding an evidentiary hearing for a determination of the defenses asserted therein.

We have carefully reviewed the affidavit submitted by appellee and find that it states the existence of a judgment against appellant, the name of the court rendering the judgment and the case number thereof. Furthermore, the affidavit states that appellant is indebted to appellee in the sum of $10,285.00 plus interest from September 10, 1979 by virtue of a fi. fa. issued on that date by the Superior Court of Coffee County. The affidavit was properly notarized and it was approved by a judge of the court in which the garnishment proceeding was filed. Accordingly, we conclude that the affidavit is legally sufficient as to form in that it complies with the requirements of Code Ann. § 46-102. Thus, the affidavit is not subject to any of the technical infirmities asserted by appellant.

Appellant's contention that the trial court erred in entering its order of June 24, 1980 without first conducting an evidentiary hearing to determine the merits of his defense based on the alleged dormancy of the underlying judgment is also without merit. In the instant case the affidavit of garnishment shows on its face that a fi. fa. on the alimony judgment was issued on September 10, 1979 by the Superior Court of Coffee County. Apparently, appellee requested and obtained the issuance of such fi. fa. pursuant to Code Ann. § 30-204. See *Wood v. Atkinson,* 231 Ga. 271 (201 SE2d 394) (1973). Since a fi. fa. was issued in 1979, the dormancy of the original alimony judgment was not an issue in this 1980 garnishment proceeding.

Appellant is precluded from challenging the validity of the 1979 judgment because "no such challenge shall be entertained in the garnishment case." Code Ann. § 46-403 (b). Accordingly, the rule enunciated in *Bryant v. Bryant*, 232 Ga. 160, 163 (205 SE2d 223) (1974) pertaining to installment alimony judgments has no applicability to the instant action. No evidentiary hearing was required to determine the amount of money appellee was owed pursuant to the 1968 alimony judgment as this amount had been previously determined in 1979 when the fi. fa. on that judgment was issued.

However, in accordance with Code Ann. § 46-403 (a) appellant did dispute the amount allegedly due as stated in appellee's affidavit. Therefore, there remains a factual issue as to the balance due on the judgment. Since in the instant case there was no evidentiary hearing for the resolution of this issue, the trial court erred in overruling appellant's traverse. Accordingly, this case must be remanded to the trial court for determination of the amount, if any, owed by appellant to appellee pursuant to the fi. fa. issued in 1979. *Brodie v. Brodie,* 155 Ga. App. 593 (271 SE2d 725) (1980).

*Judgment reversed with direction. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 10, 1981.

*J. Laddie Boatwright, J. E. B. Stewart,* for appellant.
*Lee R. Williams,* for appellee.