## 61628. ROSS v. ROSS.

Pope, Judge.

Appellant filed this garnishment action against appellee seeking to recover alimony payments due her under a final judgment entered in Civil Action No. 44810 in the Superior Court of Muscogee County. Appellee filed a traverse thereto in which he moved for a release and stay of the garnishment proceedings pending final resolution of his challenge to the validity of the judgment on which the action was based.[1] Code Ann. § 46-403 (b). Following a hearing (a transcript of which is not a part of the record), the trial court entered his findings of fact and conclusions of law. The court found that Civil Action No. 44810 was a suit for alimony filed by appellant on June 3, 1968; that on June 13, 1968 a temporary order was entered whereby appellee was to pay $225 per month to appellant; that on July 3, 1968 a citation for contempt and rule nisi were entered ordering appellee to appear and show cause as to why he should not be held in contempt for failure to pay alimony; that no other order was entered in this case until a purported final judgment and decree dated November 26, 1975 was filed on December 1, 1975; and that appellee has made payments to appellant over the years amounting to at least $18,113.59. Citing *Maroska v. Williams,* 146 Ga. App. 130 (245 SE2d 470) (1978), the trial court concluded that the final judgment entered in Civil Action No. 44810 was not a valid judgment because more than five years had elapsed without an order having been taken in the case. Code Ann. §§ 3-512, 81A-141 (e).

On appeal appellant contends that the doctrine of laches applies to the instant case; i. e., appellee is estopped from prosecuting an

---

[1] Appellee notes in his brief that his challenge to the judgment in Civil Action No. 44810 has been continued pending final resolution of this appeal.

action to set aside the judgment at this late date. In this regard see *Herring v. Herring,* 246 Ga. 462 (271 SE2d 857) (1980). However, we decline to reach the merits of this contention.

"When garnishment proceedings are based upon a judgment, the defendant, by traverse of plaintiff's affidavit, may challenge the existence of such judgment or the amount claimed due thereon. The defendant may plead any other matter in bar of said judgment, except as provided in subsection (b) of this section." Code Ann. § 46-403 (a). Subsection (b) of Code Ann. § 46-403 requires a challenge to the *validity* of the judgment upon which the garnishment is based to be conducted in accordance with the Civil Practice Act "and no such challenge shall be entertained in the garnishment case." Accordingly, appellee was precluded in this case from challenging the validity of the judgment upon which the garnishment was based. *McKinnon v. McKinnon,* 158 Ga. App. 776 (2) (1981). Since the order dismissing the garnishment was based on precisely such a challenge, the judgment of the trial court must be reversed.

We are not persuaded by appellee's argument that his challenge went to the existence rather than to the validity of the subject judgment (cf. *Woodard v. Glenn,* 145 Ga. App. 752 (245 SE2d 42) (1978)), particularly in light of the trial court's conclusion that appellant "failed to carry her burden of proving a valid judgment" against appellee. Although the burden of proving the existence of a valid judgment in a garnishment action remains on the plaintiff, the trial court's reliance on *Liberty Mut. Ins. Co. v. Coburn,* 129 Ga. App. 520 (1) (200 SE2d 146) (1973), as authorizing appellee's challenge to the validity of the judgment in this case is misplaced due to the extensive changes in the garnishment law which have occurred since the rendering of that opinion. The proper procedure to be followed in this case is set forth in Code Ann. § 46-403 (b).

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JULY 2, 1981.

*Jerry D. Sanders,* for appellant.
*Joseph L. Waldrep,* for appellee.