## 65888. LOFTIN v. LOFTIN.

POPE, Judge.

Appellee filed this garnishment action in the State Court of Fulton County against appellant, appellee's ex-husband, seeking to collect child support payments pursuant to a final judgment and decree of divorce entered in the Superior Court of Carroll County. Appellee had obtained from the latter court a writ of fieri facias (fi. fa.) in the amount of $875.00 upon which she based her garnishment action. Appellant filed a traverse to the garnishment which, after a hearing on the matter, was denied "except with respect to the sum of $100.00 representing child support payments for February, 1982, with the sum of $775.00 remaining subject to garnishment."

Appellant brings this appeal enumerating as error the trial court's findings (made orally at the conclusion of the hearing) that the parties' son had not become self-supporting, that appellant was liable for child support payments during the period when his son was living on his own, and that appellant was not entitled to credit of the full sum he paid to appellee in February, 1982.

1. Appellant's first two enumerations challenge the trial court's findings as to the validity of the judgment upon which the garnishment is based. "When garnishment proceedings are based upon a judgment, the defendant, by traverse of the plaintiff's affidavit, may challenge the existence of the judgment or the amount claimed due thereon. The defendant may plead any other matter in bar of the judgment, except as provided in subsection (b) of this Code section." OCGA § 18-4-65(a) (formerly Code Ann. § 46-403(a)). Subsection (b) of OCGA § 18-4-65 "requires a challenge to the *validity* of the judgment upon which the garnishment is based to be conducted in accordance with the Civil Practice Act 'and no such challenge shall be entertained in the garnishment case.' Accordingly, [appellant] was precluded in this case from challenging the validity of the judgment upon which the garnishment was based." *Ross v. Ross,* 159 Ga. App. 144, 145 (282 SE2d 759) (1981); *McKinnon v. McKinnon,* 158 Ga. App. 776 (2) (282 SE2d 220) (1981). Although the trial court heard evidence in this regard and made findings of fact thereon, it was without authority or jurisdiction to do so. Nevertheless, since the trial court's written order denying appellant's traverse is not premised upon findings as to the validity of the Carroll County judgment, this error presents no ground for reversal.

2. Appellant's final contention — that he is entitled to credit for voluntary amounts given to appellee as child support in addition to the court-ordered child support payments — is without merit. See *Thomas v. Thomas,* 236 Ga. 311, 312 (223 SE2d 691) (1976). See

generally *Peyton v. Peyton,* 243 Ga. 846 (257 SE2d 268) (1979); *Wills v. Glunts,* 222 Ga. 647 (151 SE2d 760) (1966). The facts in this case do not warrant the application of *Daniel v. Daniel,* 239 Ga. 466 (238 SE2d 108) (1977).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MAY 31, 1983.

*Stephanie Kearns,* for appellant.
*Joe H. Bynum, Jr.,* for appellee.