66118. MULL v. MULL.

SOGNIER, Judge.

Appellant Charles E. Mull traversed a garnishment proceeding instituted by his former wife, appellee Sherry L. Mull. The trial court denied appellant's demand for a jury trial and conducted the evidentiary hearing required by statute, concluding it with an oral ruling for appellee for approximately two-thirds of the amount of the original fi. fa. judgment. Appellee then filed a voluntary dismissal; however, the trial court thereafter entered final judgment in accordance with its earlier oral ruling. Charles Mull appeals.

1. Appellant contends that the trial court erred in denying his demand for a jury trial as to facts raised in his traverse. Our Supreme Court has ruled otherwise. " 'The rule in Georgia on the right to a trial by jury is clear. In construing the provision of the Georgia Constitution which states that the right of trial by jury shall remain inviolate, this court has consistently held that in civil actions the right of a jury trial exists only in those cases where the right existed

prior to the first Georgia Constitution, and the Constitution guarantees the continuance of this right unchanged as it existed at common law. *Metropolitan Cas. Ins. Co. v. Huhn,* 165 Ga. 667 (142 SE 121) (1927).' *Bell v. Cronic,* 248 Ga. 458 [sic] (1) (283 SE2d 476) (1981). As held in *Huhn,* supra, the right of jury trial does not apply to special proceedings not known at the time of adoption of the first Constitution, or subsequently created or provided by statute." *DOT v. Del-Cook Timber Co.,* 248 Ga. 734, 742 (8) (285 SE2d 913) (1982). The Georgia garnishment law is a special statutory proceeding enacted subsequent to the first Georgia Constitution and is in derogation of the common law. *Arnold v. Citizens &c. Nat. Bank,* 47 Ga. App. 254 (3) (170 SE 316) (1933). Thus, a garnishment action is not a civil action of such a nature in which a trial by jury is guaranteed.

2. Appellant also contends that the trial court erred in entering final judgment after appellee had filed a voluntary dismissal. This contention is without merit. The record shows that the trial court entered an oral ruling before appellee filed her notice of voluntary dismissal. "[T]he announcement by a trial judge of a decision that will terminate a civil case, though that decision has not been formally reduced to writing and entered, will preclude the filing of a voluntary dismissal after the announcement but before the judgment is actually entered by the trial judge." *Jones v. Burton,* 238 Ga. 394, 396 (1) (233 SE2d 367) (1977).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*Paul S. Weiner,* for appellant.
*Carl P. Fredericks,* for appellee.