66663. RAY et al. v. STANDARD FIRE INSURANCE
COMPANY OF ALABAMA.

DEEN, Presiding Judge.

Appellee Standard Fire Insurance Company of Alabama (Standard) filed an action on account against one William Davis, and the Cook County Superior Court awarded judgment in the amount of $15,326. Appellee then filed a continuing garnishment action against Davis' employer, appellant Ray, d/b/a Adel Tire and Recapping (Ray). Ray answered, alleging that he held no property of Davis', that he was not indebted to Davis, and that Davis was indebted to him in the amount of $500. Ray thereafter failed to make any of the subsequent answers required by OCGA § 18-4-113 (Code Ann. § 46-704); and the court accordingly entered a default judgment against appellant, specifically providing that the default could be modified within 60 days as provided in OCGA § 18-4-115 (b) (Code Ann. § 46-708). Ray contends that he did not receive the notice of the default judgment which had been sent to him by certified mail, as provided in OCGA § 18-4-91 (Code Ann. § 46-509). At the hearing on appellee's motion for summary judgment filed in the case *sub judice,* however, appellant's counsel stated in his place that he himself had received notice of the judgment but did not know whether appellant had done so.

The default was not modified within the statutory 60-day period allowed by OCGA §§ 18-4-115 (b) (Code Ann. § 46-708), 18-4-91 (Code Ann. § 46-509); and the court entered a fi. fa. against the garnishee, appellant Ray. Ray subsequently paid $500 into the registry of the court and filed what purported to be an answer in the original continuing garnishment action. Standard then filed the instant case and garnished the appellant's bank account; appellant

filed a traverse asserting that appellee had no valid judgment because the previous garnishment had been terminated by the posting of bond. Appellee then filed a motion for summary judgment.

After a hearing, the trial court granted summary judgment, holding that appellant was properly held in default after failing to make timely filing of the statutorily required answers. The court found that the default was not modified within the requisite time span and that payment of the monies into the court was also untimely. The court also held that the pendency of appellant's motion to modify judgment in the former garnishment case was no bar to a ruling in the present case.

In filing his notice of appeal, Ray directed that the transcript of the hearing not be included in the record, and appellee moved to supplement the record by inclusion of the transcript and of the envelope in which the court had mailed the notice of default judgment, which appellant had refused to accept. Appellant enumerates as error the trial court's entry of orders permitting inclusion in the record of the envelope and the hearing transcript. He also assigns as error the award of summary judgment to appellee, contending that the underlying judgment was invalid because he received no notice of it. *Held:*

1. Appellee's right to supplement the record on appeal is fixed by statute. OCGA §§ 5-6-41, 5-6-42 (Code Ann. §§ 6-805, 6-806). Appellee filed a motion, pursuant to OCGA § 5-6-41 (f) (Code Ann. § 6-805), to supplement the record by admitting the envelope as evidence that the default judgment was not invalid for lack of sufficient notice. After a hearing the motion was granted, and the envelope was sent up as a part of the record. While the record is somewhat unclear on this point, it appears that the envelope was never actually admitted into evidence at trial. If this is so, it cannot properly become a part of the record on appeal. See OCGA § 5-6-41 (d), (f) (Code Ann. § 6-805); *Jones v. Spindel,* 239 Ga. 68, 70 (235 SE2d 486) (1977); *G.E.C. Corp. v. Southern Fabricators,* 122 Ga. App. 452, 453 (177 SE2d 497) (1970). The trial court's action in ordering that the envelope be included in the record was therefore error.

Whether or not this was reversible error, however, depends on whether or not it caused injury to appellant. *Thompson v. Crouch Contracting Co.,* 164 Ga. App. 532 (297 SE2d 524) (1982). In this case there was no injury because the envelope is merely cumulative of competent evidence to the same effect; that is, the *in judicio* statement of appellant's counsel that he had received notice of the default judgment, coupled with the presumption of the delivery of a properly addressed and stamped piece of mail. Inclusion of the envelope in the record on appeal, although error, does not mandate

reversal of the judgment.

2. As to the inclusion of the transcript in the record on appeal, this is clearly permitted by OCGA § 5-6-42 (Code Ann. § 6-806). This enumeration is without merit.

3. Our scrutiny of the record discloses that appellee fulfilled his burden of showing that there remain no genuine issues of material fact and that he was entitled to judgment as a matter of law. OCGA § 9-11-56 (Code Ann. § 81A-156). The record likewise indicates that appellant failed to meet his burden of producing competent evidence in rebuttal of appellee's motion.[1] He makes no showing of any genuine issue of material fact. His contention regarding non-receipt of notice of the default judgment is insufficient, in the light of the fact that his attorney stated in his place that as attorney of record he himself had received such notice, to raise a genuine issue as to the validity of the default judgment. The trial court did not err in awarding summary judgment to appellee.

4. Appellee seeks the award of the 10 percent in damages permitted by OCGA § 5-6-6 (Code Ann. § 6-1801) for the appellee involved in a frivolous appeal. See, e.g., *Prattes v. Southeast Ceramics,* 132 Ga. App. 584 (208 SE2d 600) (1974). It would appear that appellant knew or should have known that, under a careful reading of the facts and the relevant law, his appeal was ill-founded. We therefore grant appellee's motion for 10 percent damages.

*Judgment affirmed with direction. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983 — 

*Edward Parrish,* for appellants.
*Howard E. McClain, Terry R. Barnick,* for appellee.

---

[1] The court notes that appellant's traverse was not the proper vehicle for challenging the validity of the default judgment. OCGA § 18-4-66 (Code Ann. § 46-605); *Ross v. Ross,* 159 Ga. App. 144 (282 SE2d 759) (1981); *McKinnon v. McKinnon,* 158 Ga. App. 776 (282 SE2d 220) (1981).