## 67337. BAUTZ v. BEST.

POPE, Judge.

Appellant Jan Lyle Bautz brought this garnishment action in the State Court of Fulton County seeking collection of $8,503.34 allegedly due her as unpaid child support and alimony pursuant to a final judgment and decree of divorce entered in Clayton County Superior Court on November 7, 1972. Appellee Joseph Thomas Best, Jr. traversed the garnishment and a hearing was held on the matter. The state court entered an order granting appellee's traverse, from which appellant now brings this appeal.

As a part of the final judgment and decree of divorce, the parties entered into a settlement agreement whereby appellant would have custody of the three minor children of the marriage. Appellee was directed to make bi-monthly child support payments in the amount of $275 "until such children are emancipated in one of the methods provided by law. In addition thereto, the husband [appellee] will pay 50%, after tax deductions, of any increase in earnings thereafter as an increase to said child support, and payable as aforesaid." The settlement agreement also provided: "By these presents the husband quit claims to the wife all of his right, title and interest that he now has in and to the former marital home of the parties . . . and agrees to liquidate a present indebtedness thereon in favor of the Citizens & Southern National Bank. The parties further agree should the wife elect in the future to sell said home, then and in that event the husband shall receive one-half of the net proceeds from the sale thereof after deducting costs associated with the sale and an indebtedness in favor of Mrs. H. H. Stith in the amount of $1800.00, together with the upkeep of said home, it being contemplated that the upkeep shall consist of repairs and general maintenance of the home and grounds. The remainder thereof shall be the sole and separate property of the wife."

On April 21, 1981 appellant swore an affidavit to secure a fi. fa. for child support payments and alimony which she alleged were in arrears. Appellant based her claim on the two foregoing paragraphs of the settlement agreement. As to the child support arrearage, appellant averred that appellee had failed to pay the required 50% increase in his after-tax earnings for the years 1979, 1980 and 1981 totaling $5,804.06. As to the marital home arrearage, appellant averred that appellee had failed to pay the house note to the bank from January 1975 until the house was sold in April 1975 ($778.28); that appellee failed to maintain the home, necessitating repairs totaling $1,621 prior to the sale; and that appellee failed to maintain the grounds of the home, "conservatively" estimated by appellant at $300. The fi. fa. issued for $8,503.34, the total amount sought by appellant.

The record discloses that compliance with the two aforemen-

tioned paragraphs of the settlement agreement was the subject of a 1979 contempt action brought by both parties against each other wherein the superior court found no willful disregard of the divorce judgment but found "justification for the failure on the wife [appellant] to account for any of the proceeds from the sale [of the marital home] and likewise [for] the husband [appellee] from making any of the specific adjustment in the child support payments." In its order in the case at bar, the state court relied upon the superior court's findings in the contempt action and found as a matter of law that "the status of the parties was determined and there was adjudication on the amounts owed as of March 9, 1979. The parties were required not to do anything other than the husband to continue to pay child support in the amount of $275 per month." The state court further found that from the date of the order in the contempt case until the date appellant sought the fi. fa. for the arrearages, appellee paid to appellant more than the amount of his required indebtedness to her and, therefore, granted appellee's traverse to the garnishment.

1. It is clear from the language of the order entered in the case at bar that the state court concluded that the superior court's order entered in the contempt proceedings fixed appellee's indebtedness to appellant at $275 per month. This conclusion was erroneous. "The judgment making the agreement of the parties the judgment of the court in the divorce and alimony action was the final adjudication of the liability of the [appellee], and a proceeding to hold him in contempt was merely one method of enforcing that judgment. It has been repeatedly held that the trial judge has no authority in a contempt proceeding to modify the terms of a divorce and alimony judgment. Where a father has been required by a final decree in a divorce case to pay a designated amount periodically as permanent alimony for the support of the minor children of the marriage, he may in a proper action . . . show that his financial condition has changed, and obtain a judgment decreasing the amount he must pay. However, until and unless such proceedings are instituted . . ., the original permanent alimony decree is res judicata as to the amount the father must pay for the support of the children." (Citations and punctuation omitted.) *Deese v. Deese*, 230 Ga. 105, 106-7 (196 SE2d 16) (1973).

The record here discloses no legal attempt by appellee to revise the amount he must pay as child support pursuant to the final judgment and decree entered on November 7, 1972. Therefore, the judgment of the state court is reversed with direction that the amount of appellee's indebtedness to appellant for child support for the years 1979, 1980 and 1981 be determined as per the terms of the final judgment and decree of divorce entered between the parties on November 7, 1972. Once this has been accomplished, the issue of arrearage for child support vel non can be resolved.

2. The record discloses that the marital home was sold by appellant in April 1975. In January 1975 appellee executed an agreement whereby he released all his claims and equity in the home in return for the establishment of child support payments of $125 per child per month on condition that he "will not ever have to pay any more in child support." As noted above, the settlement agreement provided that appellee would receive 50% of the proceeds from the sale of the marital home less certain deductions. Appellant's second enumeration cites as error the state court's allowing appellee to set off the amount he should have received from the sale of the home against the alleged arrearages here.

The law is clear in this state that the parties to a final judgment and decree of divorce may not modify the terms of the judgment by private agreement after the decree. See *Meredith v. Meredith*, 238 Ga. 595 (1) (234 SE2d 510) (1977); *Stanton v. Stanton*, 223 Ga. 664 (1) (157 SE2d 453) (1967). Yet, "[a] father may be given credit as equity would so dictate under the particular circumstances involved when he has been in substantial compliance with the spirit and intent of the support decree. [Cits.]" *Jennings v. Messman*, 157 Ga. App. 35, 36 (276 SE2d 259) (1981). Upon remand of this case, the state court is directed to determine, pursuant to the 1972 judgment and decree of divorce, what amount of the proceeds, if any, appellee was entitled to from the sale of the marital home. The state court must then determine whether equity dictates that any or all of that amount be credited against appellant's judgment in fi. fa.

3. Appellee challenges the settlement agreement as vague and unenforceable as to the amount of child support payments. Such a challenge attacks the validity of the judgment upon which the garnishment was based, and, as appellant correctly points out, the state court lacks jurisdiction to entertain such a challenge. See *Ross v. Ross*, 159 Ga. App. 144 (282 SE2d 759) (1981). Accord, *Loftin v. Loftin*, 166 Ga. App. 778 (1) (305 SE2d 641) (1983). Any such challenge to the validity of the settlement agreement must be brought in the Superior Court of Clayton County. See OCGA § 18-4-65 (b).

4. After appellee had presented his evidence at trial, appellant made a motion to dismiss appellee's traverse on six separate grounds, some addressing matters in abatement and others addressing the merits of the case. The record, however, discloses no ruling by the court upon this motion except to hold it in abeyance. It was the duty of counsel to invoke a final ruling on his motion, and his failure to do so precludes our review of the motion on appeal. See *McDonald v. Wimpy*, 206 Ga. 270, 277 (56 SE2d 524) (1949); *Dehler v. Setliff*, 153 Ga. App. 796 (2) (266 SE2d 516) (1980); *State Hwy. Dept. v. Harrison*, 115 Ga. App. 349 (2) (154 SE2d 723) (1967).

*Judgment reversed with direction. Quillian, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1984.

*Paul A. Martin*, for appellant.
*Jon W. McClure*, for appellee.