A94A0666. SOUTHERN LAND & CATTLE COMPANY
v. BROCK et al.
(443 SE2d 647)

ANDREWS, Judge.

We granted the application of Southern Land & Cattle Company (Southern) for a discretionary appeal from the order of the superior court in a post-judgment garnishment proceeding brought by Southern.

Southern filed its affidavit in November 1992 initiating a proceeding for a continuing garnishment against defendant Marie Brock to collect $2,952.45 claimed due on a default judgment in favor of Southern which was entered in June 1986 against Marie Brock and Perry Brock. The garnishee was Hickory Springs Manufacturing Company, the employer of Marie Brock. A traverse to Southern's affidavit was filed by Marie Brock and Perry Brock contending that "[t]he affidavit is untrue in that the debt is based on a void judgment" and "[t]he affidavit is legally insufficient in that it is based on a voidable judgment." Along with the traverse, Marie Brock and Perry Brock filed a four-count "Complaint For Damages" against Southern in the same civil action as the garnishment proceeding. The complaint asserted that Southern was estopped from collecting any

amount claimed due on the judgment; that the garnishment was illegal, void and was abusive litigation; that it violated Marie Brock's due process rights under the United States Constitution; that the garnishment should be dismissed; and that Marie Brock and Perry Brock were entitled to a judgment against Southern for actual and punitive damages and attorney fees. Reserving its jurisdictional challenge to the complaint, Southern filed a response denying the allegations and raising various defenses including claims that the complaint was improperly filed as part of the garnishment proceeding; that Perry Brock was not a proper party to the garnishment proceeding; that service of process was insufficient; and that venue was improper.

A hearing on the defendant's traverse was scheduled for January 29, 1993 and, in the interim, the trial court ordered the garnishee to pay all garnished wages of the defendant into the registry of the court until the issues raised in the traverse were resolved. On January 29, the trial court conducted a hearing on the defendant's traverse. No evidence was presented at the hearing. At the conclusion of the hearing, without entering a ruling on the traverse, the trial court gave the parties ten days to file briefs in support of their positions. On February 11, 1993, Southern filed its brief in opposition to the defendant's traverse raising the same position it argued at the hearing — that the defendant's traverse attacked the validity of the judgment and OCGA § 18-4-65 (b) provides that "no such challenge shall be entertained in the garnishment case." On February 25, 1993, Marie Brock filed a pleading denominated "Defendant's First Amendment To Her Traverse," along with a supporting brief, in which she added the claim that the judgment on which the garnishment was based had been satisfied.

On May 14, 1993, Marie and Perry Brock moved for partial summary judgment on their complaint for damages. On June 28, 1993, Southern moved for dismissal of the complaint for damages on various grounds including claims that the complaint was improperly filed as part of the garnishment action and was brought by Perry Brock, a non-party to the garnishment action without standing. On July 29, 1993, the trial court denied Southern's motion to dismiss the complaint and entered an order in favor of Marie and Perry Brock on their motion for partial summary judgment on the complaint concluding that the judgment had been paid in full, dismissing the garnishment action, and ordering that all funds paid by the garnishee into the court be returned to Marie Brock. The order further concluded that factual issues remained as to further claims in the complaint for damages against Southern. After the order granting partial summary judgment was filed, Marie and Perry Brock voluntarily dismissed the remaining claims in the complaint against Southern. There was no further order from the trial court addressed specifically to the defend-

ant's traverse. The present appeal is from the trial court's order on the summary judgment motion.

Southern claims the trial court erred by granting summary judgment on the complaint and dismissing the garnishment and by failing to rule on the issues presented at the hearing on the defendant's traverse.

Pursuant to OCGA § 18-4-93 "[a] garnishment proceeding is an action between the plaintiff and the garnishee. . . ." However, a judgment debtor named as a defendant in the proceeding "may become a party to the garnishment for the purposes set out in Code Section 18-4-65 by filing a traverse to the plaintiff's affidavit stating that the affidavit is untrue or legally insufficient; and he shall be a party to all proceedings thereafter." OCGA § 18-4-93; *Travelers Ins. Co. v. Trans State*, 172 Ga. App. 763, 764 (324 SE2d 585) (1984). The defendant's traverse in this case was filed by Marie Brock and Perry Brock. As the sole judgment debtor named as a defendant in the garnishment proceedings, Marie Brock was entitled to become a party by filing a traverse. There is no procedure under the garnishment statutes (OCGA § 18-4-1 et seq.) for Perry Brock to traverse the plaintiff's affidavit. See *Baptist Convention of Ga. v. Henry*, 187 Ga. App. 551 (370 SE2d 813) (1988).

By traversing the plaintiff's affidavit, Marie Brock became a party to the garnishment proceedings initially for the limited purposes set forth in OCGA § 18-4-65. *Terrell v. Fuller*, 160 Ga. App. 56, 57 (286 SE2d 50) (1981). Pursuant to OCGA § 18-4-65, "[w]hen garnishment proceedings are based upon a judgment, the defendant, by traverse of the plaintiff's affidavit, may challenge the existence of the judgment or the amount claimed due thereon. The defendant may plead any other matter in bar of the judgment, except as provided in subsection (b) of this Code section." OCGA § 18-4-65 (a). Subsection (b) of OCGA § 18-4-65 provides that "[t]he validity of the judgment upon which a garnishment is based may only be challenged in accordance with . . . [the Civil Practice Act]; and no such challenge shall be entertained in the garnishment case." *Loftin v. Loftin*, 166 Ga. App. 778 (305 SE2d 641) (1983); *Ross v. Ross*, 159 Ga. App. 144, 145 (282 SE2d 759) (1981).

Marie Brock's traverse asserting that the judgment was void or voidable was clearly an impermissible challenge in the garnishment case to the validity of the judgment. When the traverse was tried by the trial court at the hearing on January 29, the Brocks orally argued and attempted to raise the issue that the judgment had been satisfied, a proper issue for traverse pursuant to OCGA § 18-4-65 (a). However, there was no express or implied consent by Southern pursuant to OCGA § 9-11-15 (b) to try the traverse on this issue. Rather, Southern specifically argued at the hearing that the traverse, as filed,

should be denied because it impermissibly challenged the validity of the judgment. The trial court made no ruling on the traverse at the conclusion of the hearing on January 29. Almost a month after the hearing, Marie Brock amended her traverse by adding the claim that the judgment was satisfied. See OCGA § 18-4-3 (pleading required or permitted in garnishment proceedings is amendable at any time before judgment thereon). Thereafter, without further hearing and without ruling on the traverse, the trial court entered an order on the "Complaint For Damages" granting summary judgment. Since the summary judgment order dismissed the garnishment proceeding on the basis that the judgment had been paid in full, it had the effect of sustaining the defendant's amended traverse without a hearing.

Under OCGA § 18-4-88, the issues raised in the defendant's traverse must be tried by the court. At a minimum, an evidentiary hearing is required. *Mull v. Mull*, 167 Ga. App. 687, 688 (307 SE2d 675) (1983) (no right to a jury trial in garnishment proceedings). At the January 29 hearing on the unamended traverse, Southern had the burden as garnishment plaintiff to show that sums remained due on a valid judgment. *Mosley v. Mosley*, 166 Ga. App. 551, 552 (305 SE2d 153) (1983); *Ross*, supra at 145. No evidence was introduced at the hearing. However, the plaintiff's affidavit filed by Southern constituted uncontroverted evidence that the defendant owed the sum of $2,952.45 on the judgment. The defendant's traverse challenging the validity of the judgment provided no support for the defendant. OCGA § 18-4-65. Although the verified "Complaint For Damages" addressed issues in bar of the judgment which could have been raised by traverse, we conclude the trial court was not authorized to consider it in support of the defendant's traverse. "Since our garnishment laws are in derogation of the common law and must accordingly be strictly construed . . . ," we find the "complaint" filed in this case may not be liberally construed as the equivalent of a defendant's traverse. *Travelers Ins. Co.*, supra at 764; *Terrell*, supra at 58. At the conclusion of the hearing on the defendant's traverse, the only evidence before the trial court was Southern's affidavit in support of the garnishment and there was no evidence to support a judgment sustaining the defendant's traverse.

We conclude the trial court erred in dismissing the garnishment proceeding by means of granting summary judgment on the "complaint" and without ruling on the defendant's traverse. It is apparent from the summary judgment order, in which the trial court concluded the underlying judgment in the garnishment was satisfied, that the court considered evidence which was filed in the trial court along with the amended traverse after the January 29 hearing on the defendant's original traverse. Since the trial court has not conducted a hearing nor entered a judgment addressing the issues raised in the defend-

ant's traverse, as amended, we remand this case for an evidentiary hearing on these issues.

*Judgment reversed and case remanded. Beasley, P. J., and Johnson, J., concur.*

DECIDED APRIL 13, 1994.

*Reagan W. Dean*, for appellant.
*Ellis & Easterlin, George R. Ellis, Jr.*, for appellees.