73203. HOLCOMB v. COMMERCIAL CREDIT SERVICES CORPORATION.
(349 SE2d 523)

BANKE, Chief Judge.

Appellant Holcomb executed an agreement with appellee Commercial Credit Services Corporation for the lease/purchase of certain computer hardware and software. The practical effect of this agreement was to provide Holcomb with financing for the acquisition of the equipment from a third party, Stenglein. Holcomb later defaulted by failing to make timely payments, whereupon Commercial Credit accelerated the remaining lease payments and demanded the resulting balance due. Thereafter, Holcomb instituted the present action against the appellee and Stenglein, the vendor of the equipment, alleging failure of consideration and fraud in the inducement and seek-

ing rescission of the contract and the return of the monies previously paid. Appellee counterclaimed for the remaining lease payments ($8,693.78), plus interest and attorney fees. Holcomb appeals the trial court's grant of summary judgment to the appellee on both the main action and the counterclaim.

1. Holcomb contends that a question of fact remains as to the existence of an agency relationship between Stenglein and the appellee. The trial court determined that appellant had not had any discussions with the appellee concerning the purchase of the equipment prior to the execution of the lease/purchase agreement but that his only such discussions had been with Stenglein. Thus, the court concluded that the allegations of fraud in the inducement had been pierced insofar as the appellee was concerned. Appellant now claims that Stenglein was acting as appellee's agent and therefore that appellee was bound by Stenglein's alleged misconduct. However, appellant concedes that there was no actual evidence of such an agency relationship before the trial court. Rather, appellant's assertion that an agency relationship existed between the vendor and the appellee was based solely on conjecture. "[W]here the only evidence that a person is an agent of another party is the mere assumption that such agency existed, or an inference drawn from the actions of that person that he was an agent of another party, such evidence has no probative value and is insufficient to authorize a finding that such agency exists. [Cits.]" *Shivers v. Barton & Ludwig*, 164 Ga. App. 490, 491 (296 SE2d 749) (1982). Thus, we conclude that no question of fact existed as to the existence of an agency relationship between Stenglein and the appellee and that the trial court did not err in granting summary judgment in favor of the appellee on this issue. See *Entertainment Developers v. Relco, Inc.*, 172 Ga. App. 176 (2) (322 SE2d 304) (1984); *Pague v. Pendley*, 177 Ga. App. 573 (1) (340 SE2d 190) (1986).

2. We similarly affirm the grant of summary judgment to the appellee with respect to the allegation that the equipment was not fit for the purpose intended, since the lease/purchase agreement effectively excluded any implied warranties of merchantability or suitability for a particular purpose, pursuant to OCGA § 11-2-316. See *Entertainment Developers v. Relco, Inc.*, supra at 177.

3. Appellee has moved this court to impose damages against the appellant pursuant to OCGA § 5-6-6 for pursuing a frivolous appeal. Upon careful examination of the record, we have concluded that there was no arguable merit to the appeal and that "appellant knew or should have known that, under a careful reading of the facts and the relevant law, his appeal was ill-founded." *Ray v. Standard Fire Ins. Co.*, 168 Ga. App. 116, 118 (308 SE2d 221) (1983). Accordingly, the motion for damages is hereby granted; and, upon the return of the case to the trial court, the trial judge is hereby directed to enter judg-

ment in favor of the appellee for additional damages in the amount of 10 percent of the original judgment.

*Judgment affirmed with damages. Birdsong, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 2, 1986.

*William E. Otwell*, for appellant.
*Kimberly A. Richardson*, for appellee.