## 73710. WILLIAMS v. KAMINSKY.
### (358 SE2d 667)

Pope, Judge.

1. Williams appeals the order and judgment of the lower court in a garnishment action. Because appellant has failed to obtain an order of the court permitting the filing of an appeal, the appeal must be dismissed. OCGA § 5-6-35 (a) (4); *Mason v. Osburn Hardware &c. Co.*, 174 Ga. App. 865 (331 SE2d 888) (1985).

2. We grant appellee Kaminsky's motion to impose damages against Williams pursuant to OCGA § 5-6-6 for pursuing a frivolous appeal. The record shows as follows: In 1984 appellee Kaminsky obtained a judgment in the amount of $63,167.15 in a contract action against C & W Land Development Corporation. Appellant Williams was a shareholder in said corporation who, prior to the filing of the contract action, executed an agreement "to indemnify and hold harmless the Corporation for . . . any judgment that might be obtained by Kaminsky against the Corporation. . . ." Before going out of business in 1985, the corporation paid just over $25,000 on the judgment debt. In an effort to collect the remainder of the judgment, Kaminsky filed this garnishment proceeding against Williams as garnishee. The trial court found that the indemnity agreement created a debt owed by Williams to the corporation and awarded Kaminsky garnishment in the amount of $51,747.33, representing the amount of the judgment plus accrued interest after giving credit for the payment made against the judgment by the corporation.

Quoting from *Parker v. Puckett*, 129 Ga. App. 265, 267 (199 SE2d 343) (1973), Williams argues that " ' "[i]ndemnity" means "reimbursement. . . ." ' " Williams claims the corporation has paid nothing on the judgment and therefore has sustained no loss for Williams to indemnify. The record shows the corporation paid more than $25,000 on the judgment before it went out of business. Therefore, not only is this appeal frivolous, it is based upon a purposeful misrepresentation of the facts. It is ludicrous to argue that a judgment debtor must first pay a judgment before it can collect "reimbursement" from its indemnitor.

"Upon careful examination of the record, we have concluded that there was no arguable merit to the appeal and that 'appellant knew or should have known that, under a careful reading of the facts and the relevant law, his appeal was ill-founded.' *Ray v. Standard Fire Ins. Co.*, 168 Ga. App. 116, 118 (308 SE2d 221) (1983)." *Holcomb v. Commercial Credit Svcs.*, 180 Ga. App. 451, 452 (349 SE2d 523) (1986). In light of the fact that Williams' liability under the indemnity agreement was clear and unambiguous, considered in conjunction with Williams' misrepresentation of the facts appearing in the record, "[i]t does not appear that there was any valid reason for the appellant to

anticipate reversal of the [trial] court's judgment, and, consequently, we must conclude that the appeal to this court was for the purpose of delay only. Accordingly, the appellee's request for award of damages in the amount of 10 percent of judgment is granted." *Hanover Ins. Co. v. Scruggs Co.*, 162 Ga. App. 640, 641 (292 SE2d 493) (1982). The clerk of this court is directed to enter upon the remittitur ten percent damages against Williams and in favor of Kaminsky.

*Appeal dismissed with damages. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 15, 1987.

*Claude E. Hambrick*, for appellant.
*Patricia E. Ratner, Robert W. Beynart*, for appellee.