### 76407. WORK CLOTHES OUTLET, INC. v. M & S PURCHASING, INC.
(372 SE2d 509)

POPE, Judge.

M & S Purchasing, Inc., filed an action on an open account against Work Clothes Outlet, Inc., alleging that despite repeated demands, Work Clothes had failed to pay for goods ordered and delivered in the amount of $5,452.73. Work Clothes, represented *pro se* by

its President Herman Rothstein, answered and filed a counterclaim seeking damages for abusive litigation. Shortly before the case was to be tried Work Clothes instituted discovery procedures and, on the eve of trial, filed an amended answer and a motion to dismiss based on M & S's alleged failure to comply with the Georgia Corporation Code by not registering as a foreign corporation transacting business within the state as required by OCGA § 14-2-310 (a). At the non-jury trial M & S's officer Goldstein testified that he attended trade shows in Atlanta twice yearly where he displayed M & S's line of goods and had met Rothstein; that Rothstein had personally ordered certain goods from him on behalf of Work Clothes in 1984, as shown by M & S's delivery invoices and correspondence between the parties introduced in evidence; that the merchandise ordered was shipped to Work Clothes' business address; and that none of these goods had been paid for upon demand although M & S received no indication that the goods were rejected or had not been received. The invoices recited that one and a half percent interest per month would be charged after maturity, that all claims must be made within seven days and that no returns were allowed without written consent. Rothstein testified that no written contract or open account in the amount claimed had ever existed between Work Clothes and M & S; no demand had been made on Work Clothes; no proof of purchase or receipt of the goods had been shown; and no ruling on its discovery demands had been made. Rothstein and Goldstein were the only witnesses.

Based upon this evidence the trial court found as facts that a contractual obligation existed between the two corporate parties; that the obligation of M & S was to deliver shoes to Work Clothes, which it had fulfilled; and that the goods ordered by Work Clothes were delivered to it and it failed to pay. The court concluded as a matter of law that there had been no showing that M & S was obligated under OCGA § 14-2-331 to obtain a certificate of authority to transact business within the state and therefore denied Work Clothes' motion to dismiss; that the complaint did state a claim upon which M & S was entitled to recover; that the complaint was not frivolous, thus the counterclaim was denied; and that M & S was authorized to amend its complaint to conform to the evidence by changing the amount sued on to $5,722.96. Judgment was entered on this amount against Work Clothes, plus legal interest and costs of litigation, and Work Clothes appeals.

1. Work Clothes' first five enumerations of error dispute the trial court's findings of fact from the evidence presented, contending that certain testimony supported its own position. Our review discloses ample evidence to authorize the trial court's judgment. "The appellate court determines the sufficiency of the evidence, not its weight.

[Cit.]" *Johnson Dev. Co. v. Joe Sheehan & Assoc.*, 186 Ga. App. 764, 765 (368 SE2d 546) (1988).

2. Work Clothes contends that it should have been granted a continuance because the trial was held before the date M & S was due to respond to interrogatories and requests for production of documents. "It is well established that all continuances for which express provision has not been made are granted or denied in the discretion of the trial court, and this court will not reverse such decisions absent a clear abuse of discretion. OCGA § 9-10-167 (a); [Cit.]" *Payton v. Green*, 179 Ga. App. 438, 439 (346 SE2d 884) (1986). We find no abuse of discretion here. Accord *Arilotta v. First Ga. Ins. Co.*, 179 Ga. App. 354 (1) (346 SE2d 391) (1986).

3. Work Clothes argues that Goldstein's testimony that he had made trips to Georgia twice a year since 1966 to take orders for merchandise to be shipped from M & S's place of business in Maryland established that a certificate of authority to transact business in Georgia was required, contrary to the trial court's ruling. "We do not agree with appellant that these limited activities constitute transacting business within the state pursuant to OCGA § 14-2-310. 'The term "transacting business" as used in a registration statute such as [OCGA § 14-2-310] is not to be confused with the same term when used in a jurisdictional statute. . . . In a jurisdictional statute only minimal contact with the state is required because the limited purpose of the statute is to hold the corporation accountable for an act connected with its entry into the state. Under the registration statute more substantial activity within the state is required because significant duties, and perhaps penalties, may be incurred. [Cits.]' [Cit.]

"OCGA § 14-2-310 (b) (6) provides that a foreign corporation 'shall not be considered to be transacting business in this state, for the purpose of qualification under this chapter, solely by reason of carrying on in this state any one or more of the following activities: . . . Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts and where such contracts do not involve any local performance other than delivery and installation.' . . . [T]he record clearly shows that [M & S]'s activities within this state were of the type specifically described in this exemption." *Roberts v. Chancellor Fleet Corp.*, 182 Ga. App. 69, 70-71 (354 SE2d 628) (1987).

4. Work Clothes' remaining enumerations of error are without legal or factual merit, or are unsupported by relevant citations of authority and therefore are deemed abandoned.

5. There being no arguable merit to this appeal or reasonable basis to anticipate reversal of the judgment of the trial court, we must conclude that appeal was brought for the purpose of delay only and

M & S' request for an award of damages in the amount of ten percent of judgment, or $572.30, is granted. See *Jernigan Auto Parts v. Commercial State Bank*, 186 Ga. App. 267 (5) (367 SE2d 250) (1988); *Williams v. Kaminsky*, 183 Ga. App. 283 (2) (358 SE2d 667) (1987).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 6, 1988.

Herman Rothstein, *pro se.*
*Charles N. Center,* for appellee.