## 77429. BAKER v. THE STATE.
### (378 SE2d 525)

POPE, Judge.

Defendant James Calvin Baker appeals from his conviction and sentence for driving under the influence. OCGA § 40-6-391. On appeal defendant argues that the trial court impermissibly denied lead counsel the opportunity to voir dire and select the jury in this case; defendant also argues that this case involves an issue of first impression concerning the resolution of conflicts under the Uniform Rules of the Superior Courts of this state.

The record shows that on Monday, March 7, 1988, counsel was informed that defendant's case would be placed third on the misdemeanor criminal calendar. On Tuesday, March 8, 1988, counsel informed the court that he had a hearing scheduled for 10:00 a.m. that morning in the United States Bankruptcy Court for the Northern District of Georgia. The trial court excused the attorney from attendance for that day so he could attend the bankruptcy hearing. When the case was called on the following day, another attorney from lead counsel's office appeared and informed the court that lead counsel was at a Chamber of Commerce meeting. Later that day, counsel informed the court that his bankruptcy hearing had been reconvened from the following day. Another attorney from counsel's firm struck the jury, but lead counsel conducted the remainder of the trial.

Uniform Superior Court Rule 17.1(B) provides: "When an attorney is scheduled to appear in two or more courts (trial or appellate; state or federal), at the same time and cannot arrange for other counsel to represent adequately his client's interest, the attorney shall give prompt written notice of the conflict to opposing counsel, to the clerk of each court and to the judge before whom each action is set for hearing (or, to an appropriate judge if there has been no designation of a presiding judge). *Attorneys confronted by such conflicts are expected to exercise diligence in giving such notice.* The judges before whom such actions pend or the clerks of the respective courts shall confer, undertaking to resolve the conflict by agreement. Absent agreement, conflicts shall be promptly resolved by the judges or the clerk of each affected court in accordance with the following order of

priorities:

(1) Criminal (felony) actions shall prevail over civil actions;

(2) Jury trials shall prevail over non-jury matters including trials and administrative proceedings;

(3) Trials shall prevail over appellate arguments, hearings and conferences;

(4) The action which was first filed shall take precedence." (Emphasis supplied.)

In the case at bar, defense counsel did not notify the court that his hearing in bankruptcy court was scheduled to reconvene on Wednesday, March 9, 1988. At the time the calendar was called, the court was informed that lead counsel was at a Chamber of Commerce meeting. Inasmuch as counsel failed to utilize the Uniform Rules in resolving the conflict, he cannot now complain that the rules were improperly applied, or that the trial court erred in going forward with the proceedings in his absence.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 8, 1989.

*Howard W. Jones, James F. Ledbetter*, for appellant.

*Darrell E. Wilson, District Attorney, William F. Riley, Jr., Assistant District Attorney*, for appellee.