77735, 77736. WASHBURN v. SARDI'S RESTAURANTS et al. (two cases).
(381 SE2d 750)

BEASLEY, Judge.

Sardi's Restaurants, a New York corporation, sued to recover $2,446.25 plus interest and penalties which Washburn was alleged to have converted to his personal use while employed as Sardi's agent and manager of two subsidiary corporations located in this state. The complaint was amended and, following discovery and a nonjury trial, the court awarded Sardi's $45,499.89, including damages, interest, and attorney fees and litigation expenses. Washburn appealed from this judgment and two post-trial orders.

1. The answer raised the affirmative defense that Sardi's had failed to join an indispensable party and lacked the capacity to sue because it had not obtained a certificate of authority to transact business as a foreign corporation in this state as required by OCGA § 14-2-331 (b). Sardi's corporate activity in this state consisted of its ownership of real estate holdings, which were subsidiary corporations.

OCGA § 14-2-310 (b) (10) provides that a foreign corporation

"shall not be considered to be transacting business in this state, for the purpose of qualification under this chapter, solely by reason of carrying on in this state any one or more of the following activities: . . . Owning and controlling a subsidiary corporation incorporated in or transacting business within this state . . . ." Since the applicability of OCGA § 14-2-331 (b) is contingent upon whether Sardi's was transacting business as contemplated by § 14-2-310, and it has been expressly exempted thereby from the registration requirement, it did not need a certificate as authority for filing its lawsuit. See *Roberts v. Chancellor Fleet Corp.*, 182 Ga. App. 69 (1) (354 SE2d 628) (1987); *Work Clothes Outlet v. M & S Purchasing*, 188 Ga. App. 179 (3) (372 SE2d 509) (1988). The trial court properly denied defendant's plea in abatement and motions to dismiss the suit on this defense.

2. Washburn asserts that the court erred in denying his motion to dismiss because an action for fraud may not be transferred or assigned to another individual or entity. The evidence showed that on November 6, 1980 Washburn, a licensed real estate broker acting as agent and manager for Sardi's real estate holdings in Georgia, issued a check on the corporate account purporting to be for the payment of city taxes. He actually deposited these funds into his personal checking account. Sardi's did not learn that the taxes had not been paid until sometime in 1985.

Sardi's filed suit in January 1986. The complaint was amended by order of the court in March 1988, upon motion, to change the name of the plaintiff to Sardi's Restaurant Corporation and to add Allison Apartments, Inc., as a party after Sardi's became aware that Allison had not been legally liquidated as mistakenly believed. Sardi's remained in the case because it held the claim for the interest and penalties due when it paid the real estate taxes on the property. Allison was a real party in interest because of the fraud and conversion committed upon it by Washburn. Under OCGA §§ 9-11-20 and 9-11-21, "the failure to name the proper parties is an amendable defect, correctable by the parties or upon the court's own motion. [Cits.]" *Hanson v. Wilson*, 257 Ga. 5, 7 (2) (354 SE2d 126) (1987). The trial court was correct.

3. Defendant Washburn enumerates as error the denial of the motion, made at trial, for continuance until he could be present as lead counsel. He contends that, pursuant to USCR 17.1, he had given advance notice by letter that he was scheduled to appear at the same time in two other courts as well, as counsel for two clients, so that in the absence of resolution of the conflicts by the court as provided by USCR 17.2, his own case should have been continued or held until he could appear to represent himself as was his right under Ga. Const. 1983, Art. I, Sec. I, Par. XII.

Defendant's original counsel moved to withdraw some months

prior to trial, stating in the motion that defendant "has represented himself in this action as co-counsel and remains listed as one of the counsel of record." New counsel entered his appearance "as attorney of record" several weeks later, directing that all future notices and pleadings be sent to him. No mention was made of Washburn as counsel. Plaintiff's proposed pretrial order lists only the new attorney as defendant's trial counsel, but defendant's proposed pretrial order lists both, with the new attorney shown first. This new attorney is the only one who signed that proposed order as submitting it. No written pretrial order was entered by the court, but at trial the court orally consolidated and adopted the two proposed orders after denying a continuance.

The trial court took cognizance of the conflict letter. We do not know its contents or its date, as it is not in the record, so we cannot discern whether it complied with USCR 17.1 or not. Also, the court reporter did not record the oral motion for continuance, despite defendant's request in his proposed pretrial order that he wanted the case reported. She did record and transcribe the judge's reference to the cases in which defendant was representing clients in other courts and the judge's denial of the motion which then followed. Appellant took no steps to prepare a transcript of the unrecorded portion of the motion hearing, "from recollection or otherwise," as was his responsibility if he wished a fully informed review of this ruling. OCGA § 5-6-41 (c). Nor did he move for any enlargement of what had transpired so as to show the presentation and argument on the motion, as provided in subsections (f) and (g) of that remedial statute.

However, one thing is clear, and that is that defendant was not lead counsel for trial. The record shows that the new counsel who entered the case some months before trial occupied that position. Thus the court did not abuse its discretion in denying a continuance of the trial contrary to OCGA §§ 9-10-155 or 9-10-167; *Opatut v. Guest Pond Club*, 188 Ga. App. 478, 479 (1) (373 SE2d 372) (1988); *Adams v. Hill*, 177 Ga. App. 492 (340 SE2d 27) (1986). Nor did the court err in failing to otherwise resolve the conflicting court schedules of attorney Washburn in conformity with USCR 17.[1] Further, by denying the continuance the court did not unconstitutionally bar Washburn from representing himself. Compare *Cherry v. Coast House*, 257 Ga. 403, 405 (3) (359 SE2d 904) (1987).

4. During pretrial discovery Washburn served a notice for Sardi's to produce all documents covering a ten-to-twelve-year span, includ-

---

[1] It is noted that although he was listed on the proposed pretrial order as a witness, no objection to the trial commencing without him in this capacity was made below or here, and when the court called for defendant's evidence at the close of plaintiff's case, counsel simply announced that there was none. Nor was OCGA § 9-10-154 invoked.

ing "each and every ledger, journal, cash receipts book, cash disbursements book, general ledger, accounts receivable ledger, taxes payable ledger and each and every other writing showing the receipt and disbursement of funds" of all of Sardi's Georgia properties. Also sought were all title documents and state and federal tax returns relating to these properties. Sardi's moved to quash on grounds that the production of these documents would be an undue burden and that they were in any event irrelevant. The court granted the motion but allowed Washburn to seek production of any documents in Sardi's possession that would show it "conducted any business in the State of Georgia other than the purchase and ownership of two apartment complexes . . . through its ownership of Allison Apartments, Inc. . . ." Washburn complains that this unfairly precluded him from effectuating any discovery concerning his contention that Allison was a shell corporation.

OCGA § 24-10-22 (b) (1) gives the trial court discretion upon timely motion to quash or modify such a subpoena if it is "unreasonable and oppressive." This standard "is tested by the peculiar facts arising from the subpoena itself and other proper sources. [Cits.]" *Aycock v. Household Fin. Co.*, 142 Ga. App. 207, 210 (3) (b) (235 SE2d 578) (1977). "[N]o court should impose upon the opposite party the onerous task of producing great quantities of records which have no relevancy. The notice should be specific enough in its demands to relate the documents sought to the questions at issue." *Horton v. Huiet*, 113 Ga. App. 166, 169 (1) (147 SE2d 669) (1966). The issue in the suit was whether Washburn converted Sardi's funds to his own use, not what the corporate structure of its various subsidiaries was. Thus the court was authorized to limit production as it did.

5. At the start of the trial plaintiffs' counsel quoted certain pretrial stipulations made by the parties, including the statement that Washburn was "an agent and fiduciary acting as manager for Sardi's real estate holding[s]. . . ." The court ruled that this statement "accurately reflects the stipulation as it existed at the time of the pretrial conference and as adopted by the Court and its order announced at the beginning of this proceeding [and] is accepted as being true by the Court." No objection was raised, which omission justified denial of Washburn's motion to dismiss the suit on the ground that he was merely an employee of a corporation which managed the property.

6. The statute of limitation did not run before the suit was filed. As pointed out by Washburn, the gravamen of Sardi's multi-count complaint was fraud. The perpetration on Sardi's by Washburn's purported payment of the 1980 taxes on the property he was managing in Georgia was not uncovered by Sardi's until after the sale of the property in 1985. "The period of limitation runs from the time of the plaintiff's discovery of the alleged fraud. OCGA § 9-3-96; [Cits.]"

*Shapiro v. Southern Can Co.*, 185 Ga. App. 677, 678 (365 SE2d 518) (1988). See also *Sutlive v. Hackney*, 164 Ga. App. 740 (297 SE2d 515) (1982). The instant suit was filed in January 1986, within the four-year limitation prescribed by OCGA § 9-3-31.

7. The final enumeration, raised in Case No. 77736, concerns two post-trial orders. They were prompted by Washburn's pro se motion to supplement the record by adding his affidavit regarding what action he took to resolve the scheduling conflict, and what he did in other courts on the day of the trial in the instant case. He stated in the affidavit that he was lead counsel in the instant case and that he appeared in the court below during the noon recess and called without avail after 5:00 p.m.

The first order denied the motion and recited sua sponte certain facts concerning what transpired when the motion for continuance made by Washburn's counsel was denied. It referred to the conflict letter and stated that the ground presented for the continuance was that defendant, as attorney of record for certain clients, had cases scheduled elsewhere. The second order recounted what occurred when Washburn made his "announcement" of ready for trial on the day after the case was in fact tried. Although the court in this order also directed that the transcript of this event be excluded, it is in the record, bearing out what the court described in the order, and thus appellant was not harmed by the ordered exclusion.

Appellant relied below on OCGA §§ 5-6-41 (h) and 9-11-43 (b) as authority for inclusion of his affidavit. Neither support his position. As he wrote in the brief below, citing *Epps v. State*, 168 Ga. App. 79, 80 (308 SE2d 234) (1983), the record may be supplemented to show "what transpired in the trial court." That is the circumstance covered by OCGA § 5-6-41 (f). Appellant, however, sought by his affidavit to show what transpired elsewhere, and outside of the trial of the case, not what was said when the motion for continuance was made. Neither is the other code section applicable in this context.

"[I]t cannot be said that anything material to the appellant has been omitted from the record on appeal." *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980). Moreover, the discretion granted the trial court by OCGA § 5-6-41 (f) vests it with "a necessary control over the designation and transmittal of both record and transcript." *Smith v. Top Dollar Stores*, 129 Ga. App. 60, 64 (3) (198 SE2d 690) (1973). See also *G.E.C. Corp. v. Southern Fabricators*, 122 Ga. App. 452 (1) (177 SE2d 497) (1970). The court's decision in such matters will not be reversed absent a manifest abuse of discretion, which does not appear. *Jones v. Spindel*, 239 Ga. 68, 70 (2) (235 SE2d 486) (1977).

8. Sardi's motion for damages as provided by OCGA § 5-6-6, upon plenary consideration, is denied.

*Judgments affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED MARCH 27, 1989 —
REHEARINGS DENIED APRIL 12, 1989 — 

*Thomas L. Washburn III*, pro se.
*Land, McKnight & Newlin, Stephen A. Land*, for appellees.