### A91A0370. GRANDISON v. THE STATE.
(408 SE2d 135)

Beasley, Judge.

Appellant was indicted for trafficking in cocaine. OCGA § 16-13-31. He appeared at arraignment without counsel and pled not guilty. Following arraignment, appellant filed a motion to suppress evidence. The State filed a motion to dismiss pursuant to USCR 31.1, which requires motions to be filed at or before arraignment "unless time therefor is extended by the judge in writing prior to trial." Counsel stated that he did not appear at arraignment because he had a conflict and had filed a notice of conflict and served the assistant district attorney. See USCR 17.1. The trial court denied the motion to dismiss and granted the motion to suppress because the State presented no evidence.

In *State v. Grandison*, 192 Ga. App. 473 (385 SE2d 139) (1989), we reversed, noting that appellant had not enumerated as error the holding of arraignment as scheduled, and holding that under USCR 31.1, the court could either dismiss the tardy motion or entertain a request for a written order of extension. It could not simply proceed with a hearing on the involved motion, for which hearing the State did not subpoena its witnesses *due* to its reliance on a defective nature of the motion. Following remand, appellant filed a request for leave to file an out-of-time motion to suppress. The trial court denied this motion after hearing, and an application for interlocutory appeal was denied on March 6, 1990.

Appellant was subsequently convicted of cocaine trafficking following a bench trial. He appeals, enumerating error upon the trial court's conducting his arraignment in the absence of counsel. He argues that this violated USCR 17; his right to procedural due process, *Stone v. Powell*, 428 U. S. 465 (96 SC 3037, 49 LE2d 1067) (1976); and his Sixth Amendment right to the assistance of counsel at a critical stage of the criminal proceeding. See *State v. Simmons*, 260 Ga. 92, 93 (390 SE2d 43) (1990); but compare *Dixon v. Hopper*, 237 Ga. 811 (1) (229 SE2d 656) (1976). He also enumerates as error the trial court's denial of his request for leave to file the untimely motion to suppress, as an abuse of discretion.

1. Before the trial court, appellant challenged the holding of the arraignment in counsel's absence on the ground that he was not given notice of the "date, time, and place of arraignment," as required by

USCR 30.1.

However, appellant stipulated that notice of arraignment had been mailed to him and the bondsman pursuant to USCR 30.1. The trial court found that he did have proper notice, and this is fully supported.

Consequently, this case is distinguishable from *State v. Schwall*, 193 Ga. App. 694 (388 SE2d 705) (1989), wherein defense counsel was not given proper notice.

2. Appellant's claim concerning the violation of USCR 17 is without merit.

Under USCR 17.1, as it existed at the time in question, an attorney who had conflicting court appearances was to give "prompt written notice of the conflict to opposing counsel, to the clerk of each court and to the judge before whom each action is set for hearing." Under USCR 17.2, the judges or clerks were to resolve the conflict and give counsel "prompt written notice . . . of the manner in which the conflicts have been resolved."

The certificate of service accompanying the notice of conflict states the notice was served on the prosecuting attorneys the day before the arraignment, but there is no indication whatsoever that the court or clerk was aware of it at or before arraignment. The notice of conflict was not filed with the clerk until the day after the arraignment. It therefore was not in compliance with Rule 17.1, and the holding of the arraignment in counsel's absence was not error.

3. The operation of the Uniform Superior Court Rules did not deny appellant an "opportunity for full and fair litigation of [the] Fourth Amendment claim." *Stone v. Powell*, 428 U. S. at 482, supra. See *Hubbard v. Jeffes*, 653 F2d 99, 103 (2) (3rd Cir. 1981); compare *Boyd v. Mintz*, 631 F2d 247 (3rd Cir. 1980).

4. Appellant fails to show an abuse of the trial court's discretion in denying the request for leave to file the untimely motion to suppress. *Hall v. State*, 181 Ga. App. 92 (1) (351 SE2d 236) (1986).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 25, 1991 —
RECONSIDERATION DENIED JULY 2, 1991 — 

*Herbert Shafer*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.