## A94A0693. SMITH v. THE STATE.
### (445 SE2d 341)

BEASLEY, Presiding Judge.

On August 25, 1993, Smith pled guilty to the charge of affray and was sentenced to 12 months. On September 8, 1993, he filed a motion to withdraw his plea and vacate the conviction. A hearing was set for September 16, 1993; Smith's counsel did not appear, had not filed a conflict letter pursuant to USCR 17.1, and the motion was dismissed.

On September 17, 1993, Smith filed a notice of appeal from his conviction and sentence, as well as from the dismissal of his motion to withdraw plea. On October 25, 1993 he filed a motion in the trial

court to supplement the record for appeal pursuant to OCGA § 5-6-41 (f). The materials he wished to include in the record consisted of affidavits attesting to a conflict his attorney had on September 16, 1993, and what occurred in court on that date. A hearing on this motion was held on November 11, 1993 and the motion was denied. The record submitted to this court contains a transcript of only the November 11, 1993 proceeding.

1. Smith contends that the court should not have dismissed his motion to withdraw the plea. Although his counsel asserts that he had a conflict in another court, it is undisputed that no conflict letter was filed pursuant to USCR 17.1. This is not a case in which there was sufficient, although incomplete, compliance with USCR 17.1. Rather, counsel made no attempt to comply with the rule. Compare *Robinson v. Robinson*, 256 Ga. 188, 189 (1) (345 SE2d 597) (1986). It was not error to dismiss the motion. *Grandison v. State*, 200 Ga. App. 309, 310 (2) (408 SE2d 135) (1991); *Baker v. State*, 190 Ga. App. 219 (378 SE2d 525) (1989).

2. Smith asserts that the trial court erred by denying his motion to supplement the record for appeal. In resolving conflicts on a motion to supplement the record, the trial court's decision is "dispositive, and is not subject to our review. OCGA § 5-6-41 (f), (g); *Patterson v. State*, 233 Ga. 724, 730-731 (7) (213 SE2d 612) (1975)." *Smith v. State*, 260 Ga. 274, 276 (3) (393 SE2d 229) (1990). Additionally, any information concerning a conflict in Smith's counsel's schedule is irrelevant, given our decision on the requirements of USCR 17.1.

3. Smith has moved this court to supplement the record. " 'Any issue as to the correctness of the record is to be resolved by the trial court (cit.), for that court retains jurisdiction even after the case is docketed in this Court to add additional record, (cit.), and "is still the final arbiter of any differences in the preparation of the record." (Cit.)' [Cit.]" *Harp v. State,* 204 Ga. App. 527, 528 (1) (420 SE2d 6) (1992). The motion is denied.

4. Although the motion to withdraw his plea was properly dismissed below, Smith argues on appeal that his guilty plea was not knowingly and voluntarily made, and that there was no factual basis for it. "[A] timely filed appeal from a judgment entered on a guilty plea, such as the appeal brought by appellant, is a prescribed means to challenge that guilty plea. [Cit.]" *Agerton v. State*, 191 Ga. App. 633 (382 SE2d 417) (1989). The dismissal of his motion below does not affect the procedural posture of this enumeration.

"Notwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea." USCR 33.9. No such inquiry appears. "Since the record does not show that the trial court determined that a factual basis ex-

isted for the guilty plea, we conclude that the State did not meet its burden of showing affirmatively by the record that appellant's guilty plea was knowingly and voluntarily entered. [Cit.]" *Collum v. State*, 211 Ga. App. 158, 160 (438 SE2d 401) (1993). Unlike *Collum*, this is not a case in which the transcript of the motion hearing could aid in determining whether an inquiry was made. "Accordingly, the trial court should have granted appellant's motion to withdraw his guilty plea." *Evans v. State*, 212 Ga. App. 805, 806 (443 SE2d 296) (1994).

5. Smith's remaining enumerations of error are moot.

*Judgment reversed. Johnson, J., concurs. Andrews, J., concurs in the judgment only.*

DECIDED JUNE 13, 1994.

*Lloyd J. Matthews*, for appellant.

*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor*, for appellee.