A94A1098. NIXON v. ROSENTHAL.
(448 SE2d 45)

McMURRAY, Presiding Judge.

Plaintiff Nixon filed this medical malpractice action against defendant Rosenthal. Following a verdict and judgment in favor of defendant, plaintiff appeals and raises several issues primarily related to the selection of the trial jury. *Held*:

1. In her first enumeration of error, plaintiff maintains that the trial court erred in denying her motion predicated on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69), in that defendant had exercised his peremptory challenges in a racially discriminatory manner. However, "a challenge to the alleged use of racially discriminatory peremptory challenges in a civil trial under *Edmonson [v. Leesville Concrete Co.*, 500 U. S. 614 (111 SC 2077, 114 LE2d 660)] should be raised no later than would preserve the opportunity to correct any violation without resetting the trial. In this case the latest time would have been before the jury selected and the jurors not selected were released." *Calhoun v. Purvis*, 206 Ga. App. 565, 567 (2), 568 (425 SE2d 901). Although the trial court attempted to recall the released jurors, the attempt was not entirely successful and had the trial court found any violation of plaintiff's rights the trial would have had to be reset. Under these circumstances, plaintiff's motion was not timely and any *Batson* violation was waived.

A related issue is raised by plaintiff's third enumeration of error which alleges a separate *Batson* violation by defendant's use of his peremptory strikes to exclude jurors because of their gender. See *J. E. B. v. Alabama*, ___ U. S. ___ (114 SC 1419, 128 LE2d 89). However, no motion or objection was raised before the trial court in connection with this issue which also must be deemed to have been waived. *Ford v. State*, 180 Ga. App. 807 (2), 808 (350 SE2d 816).

2. The trial court did not err in excusing for cause as a non-resident, juror Wright, who stated that she was not a resident of Chatham County, and that she was a full-time student and worked in Lowndes County. While some of the trial court's remarks during colloquy with counsel did suggest a factual conclusion that the juror was a Chatham County resident and thus a proper juror for the case sub judice, the trial court also stated that: "Apparently, she feels that she's domiciled in Lowndes County." The plaintiff argues that the trial court has abused its discretion by striking a juror whom it has found to be a Chatham County resident. However, this position removes the trial court's remarks from context. The limited evidence cast into serious doubt whether the juror was a resident of Chatham County, therefore we find no abuse of discretion in the trial court's decision to grant defendant's motion to strike this juror for cause. *Garland v. State*, 263 Ga. 495 (1), 496 (435 SE2d 431).

3. Plaintiff's motion to supplement the record on appeal pursuant to OCGA § 5-6-41 (f) was properly denied by the trial court. The evidence which plaintiff sought to add to the record was not admitted at trial. "Evidence never actually admitted at trial cannot properly become part of the record on appeal pursuant to OCGA § 5-6-41 (f). *Ray v. Standard Fire Ins. Co. of Ala.*, 168 Ga. App. 116, 117 (1) (308 SE2d 221) (1983). That section is solely for the purpose of making the record speak the truth, not for adding evidence to the record or supplying fatal deficiencies after the fact. *Wigley v. State*, 194 Ga. App. 7, 9 (7) (389 SE2d 769) (1989)." *Harp v. State*, 204 Ga. App. 527 (1) (420 SE2d 6). See also *Washburn v. Sardi's Restaurants*, 191 Ga. App. 307, 311 (7) (381 SE2d 750).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 4, 1994 —
RECONSIDERATION DENIED AUGUST 17, 1994 — ▮▮▮▮▮▮▮

*Don Smart*, for appellant.
*Beckmann & Pinson, William H. Pinson, Jr., Walter Ballew III, W. Richard Dekle, Falligant & Toporek, Robert E. Falligant, Jr.*, for appellee.