A96A0730. NOBLES et al. v. PREVOST.
(472 SE2d 134)

McMURRAY, Presiding Judge.

Plaintiffs Michael Nobles and Lisa Nobles filed this medical malpractice action in their individual capacities, and on behalf of their minor child Ryan Nobles, who was alleged to have been injured by the negligence of defendant Prevost. The complaint alleged that plaintiffs "have been forced to file their claim within ten (10) days of the running of the statute of limitations, and are therefore unable to attach an expert's affidavit to this complaint at this time. Such affidavit will be attached by amendment pursuant to applicable law." Plaintiffs amended their complaint ten days after the original filing of their complaint. While the amended complaint stated that the affidavit of plaintiffs' expert was attached, whether this statement was correct at the time the amended complaint was filed with the clerk of superior court has become the controlling issue in the case sub judice.

Defendant answered and moved to dismiss or in the alternative

for summary judgment. The superior court entered an order granting defendant's motion to dismiss and also defendant's motion for summary judgment. The superior court order stated a number of alternative grounds, but we need consider only one.

An alternative basis for the grant of defendant's motions was a finding that the affidavit requirement of OCGA § 9-11-9.1 had never been met because no affidavit had been filed. The record of the case sub judice as originally docketed in this Court contains plaintiffs' amended complaint but does not contain an affidavit of plaintiffs' expert. Two weeks after the docketing of this appeal, plaintiffs filed a motion in the superior court requesting that the expert's affidavit be made a part of the record. Plaintiffs' motion to add the expert's affidavit was denied by the superior court. *Held*:

First, we note that even after the case was docketed in this Court, the superior court retained jurisdiction to add additional record and is the final arbiter as to any differences concerning preparation of the record. *Smith v. State*, 213 Ga. App. 536, 537 (3) (445 SE2d 341). *The superior court's resolution of any conflicts in the evidence on plaintiffs' motion to supplement the record is dispositive and not subject to our review.* Id. at 537 (2).

We add that OCGA § 5-6-41 (f) is not an instrument for supplying fatal deficiencies after the fact. *Nixon v. Rosenthal*, 214 Ga. App. 446, 447 (3) (448 SE2d 45). Nor are OCGA § 9-11-9.1 (e) and (f) applicable to the circumstances in the case sub judice.

It follows that we must affirm the grant of defendant's motions to dismiss and for summary judgment since the evidence of record fails to show that an expert affidavit as required by OCGA § 9-11-9.1 was filed prior to the grant of summary judgment in favor of defendant. *ABE Engineering v. Griffin, Cochran & Marshall*, 212 Ga. App. 586 (443 SE2d 1). The judgment of the superior court is affirmed.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 30, 1996.

*Melnick, Moore & Elliott, David R. Moore*, for appellants.
*Jones, Cork & Miller, Thomas C. Alexander, Sharon H. Reeves*, for appellee.

