A96A1063. CRISP PECAN COMPANY v. WIGGINS PRODUCE
COMPANY, INC.
(476 SE2d 60)

ANDREWS, Judge.

Wiggins Produce Company, an Alabama corporation, sued Crisp Pecan Company, a Georgia corporation, and sought to recover $44,986.18 for pecans it claims it sold to Crisp on an open account. The trial court granted summary judgment for Wiggins Produce. In this appeal, Crisp Pecan claims issues of material fact require a jury to resolve this dispute. We agree and reverse.

Wiggins Produce is controlled by Paul T. Wiggins, who in 1992 was a shareholder in Crisp Pecan. In September 1992, Wiggins met in Dothan, Alabama, with fellow Crisp Pecan shareholders Robert Lamar, John Lamar, James McKinley, and David Shute. The meeting resulted in a written, signed agreement among the shareholders. Their memorandum states in part that "John Lamar, David Shute and Paul Wiggins each agreed to sell Crisp Pecan Co., Inc. a load of nuts or provide the equivalent value and accept payment at the end of the shelling season. The end of the season should be in March or April 1993. *Payment will be made as sales of product permits.*" (Emphasis supplied.) Other portions of the memorandum reflect that Wiggins and other shareholders would also contribute cash to fund operations during the shelling season, and "[r]epayment will be made in 1993 depending upon the ability of the company to pay." According to Robert Lamar and McKinley, the parties intended that Mr. Wiggins would make a capital contribution of pecans to the corporation, not a sale of pecans on credit.

Mr. Wiggins acknowledges he shipped to Crisp Pecan the pecans described in the agreement but denies they constituted a capital contribution. "I sold them to them on the credit [sic] through my corporation," he testified in his deposition. The invoices for the pecans bear

the heading, "Paul Wiggins Pecan Co." but do not mention Wiggins Produce. Robert Lamar stated he believed he was dealing with Mr. Wiggins individually or through a proprietorship. The checks Crisp Pecan sent in partial repayment to Wiggins are made out to "Paul Wiggins Pecan Co."

In November 1995, Robert Lamar purchased Paul Wiggins' interest in Crisp Pecan. As part of that transaction, Wiggins released Crisp Pecan "from any and all claims, debts and obligations which [Crisp Pecan] might now or hereafter owe [Wiggins] by or because of any . . . event which occurred on or prior to the date of this agreement, expressly including any financial obligations [Crisp Pecan] owes or might owe [Wiggins]."

After reviewing the record de novo and the summary judgment standards set forth in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), we reach the following conclusions:

1. A jury must determine whether Crisp Pecan had a duty to pay for these pecans or whether, as Crisp Pecan claims, the pecans constituted a capital contribution to the corporation which it had no absolute obligation to repay. The language of the September agreement, "Payment will be made as sales of product permits," is ambiguous. Applying the rules of construction found in OCGA § 13-2-2 does not resolve the ambiguity. Because the parties assign very different intentions to this phrase, a jury should determine the true intent of the September agreement. See *Karlan, Inc. v. King*, 202 Ga. App. 713, 715-716 (1) (415 SE2d 319) (1992).

2. If the pecans were sold on credit, as the plaintiff contends, a jury must then determine whether Crisp Pecan owed this debt to Wiggins Produce or to Mr. Wiggins alone. Wiggins Produce claims Mr. Wiggins acted as its agent when he shipped these pecans to Crisp Pecan. But the September agreement and Mr. Wiggins' own testimony provide evidence that Mr. Wiggins may have contracted with Crisp Pecan individually and not as the plaintiff's agent. " 'The contract may, depending upon the facts and circumstances, be impliedly one with [Mr. Wiggins] in his individual capacity. What was the understanding of both parties is a question of fact to be decided by the jury under the circumstances of [this] case. (Cits.)' [Cit.]" *Wojcik v. Lewis*, 204 Ga. App. 301, 304 (2) (419 SE2d 135) (1992).

3. Even if the jury determines Mr. Wiggins acted as the agent of the plaintiff corporation, the jury must determine whether he adequately disclosed to Crisp Pecan that he was acting on behalf of the corporation. Mr. Wiggins signed the September agreement with no mention of Wiggins Produce or any other alleged principal. See *Nursefinders of Atlanta v. Suttles*, 213 Ga. App. 608, 609-610 (445 SE2d 318) (1994) (physical precedent only), holding that an agreement which is signed with no mention of an agency capacity is pre-

sumed to be signed individually. Although the plaintiff claims Crisp Pecan was aware it did business as "Paul Wiggins Pecan Company," the invoices containing this trade name do not, as a matter of law, constitute a sufficient disclosure of the alleged *corporate* principal to remove this question from the jury's consideration. *Wojcik*, 204 Ga. App. at 304.

If the jury determines Mr. Wiggins failed to adequately disclose the identity of his principal, it may then find the November 1995 release discharges any liability of Crisp Pecan to Wiggins Produce. "If . . . the [fact of] agency shall have been concealed, the party dealing with [the undisclosed principal] may set up any defense against the principal which he has against the agent." OCGA § 10-6-62. See generally *United States Fidelity &c. Co. v. Coastal Svc.*, 103 Ga. App. 133, 136-137 (4) (118 SE2d 710) (1961).

4. Crisp contends Wiggins Produce cannot maintain this action in Georgia because the Alabama corporation has never obtained authority to operate in Georgia pursuant to OCGA § 14-2-1502. Based on the record before it, however, the trial court properly found Wiggins Produce was not required to comply with that statute because it falls within the exceptions to "transacting business" described in OCGA § 14-2-1501 (b). See *Work Clothes Outlet v. M & S Purchasing*, 188 Ga. App. 179, 181 (3) (372 SE2d 509) (1988); *Reisman v. Martori, Meyer &c.*, 155 Ga. App. 551, 553 (2) (271 SE2d 685) (1980).

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 13, 1996.

*Walters, Davis & Pujadas, J. Harvey Davis, Linwood R. Lovett, James D. Cowart*, for appellant.
*Stephen L. Ivie*, for appellee.