A04A1855. ROGERS et al. v. SMITH.
(609 SE2d 218)

SMITH, Presiding Judge.

Carolyn Rogers filed a complaint against the estate of Timothy Rogers on behalf of her minor son Bret Rogers, who was injured while visiting at his father's home. Summary judgment was granted to the estate, and Rogers appeals. Because the estate pierced the allegations of the complaint and because Rogers failed to come forward with competent issues creating genuine issues of material fact, summary judgment in favor of the estate was authorized. We therefore affirm.

At the time of the incident in this case, Carolyn Rogers and Timothy Rogers had been divorced for a number of years. Their son, Bret, lived with Carolyn Rogers but visited his father periodically. At some point Timothy Rogers entered into a relationship with Kimberly Withrow, who moved in with him. The couple's long-time friend, Christine Goddard, visited with them in their home from September 1 through September 3, 2001. Bret was also visiting his father at that time. According to Goddard's affidavit testimony, at about 7:30 or 8:00 p.m. on September 3, Withrow and Goddard left the residence, had dinner, picked up Goddard's son at a relative's home, ran "a few errands," and drove to Goddard's home in Cartersville. Withrow dropped Goddard and her son off at approximately 1:30 a.m. on September 4 and left Goddard's house to return to the house she shared with Timothy Rogers in Norcross.

On the afternoon of Tuesday, September 5, after learning that Bret had not gotten off his school bus, Carolyn Rogers and her sister went to Timothy Rogers's home. They found Timothy Rogers and Withrow dead in a bathroom and Bret unconscious in a hallway. According to an affidavit executed by Carolyn Rogers, the ensuing "investigation revealed that Bret had suffered severe carbon monoxide poisoning caused by fumes from Ms. Withrow's car. Ms. Withrow had apparently left her car running when she arrived home in the early morning hours from taking Ms. Goddard home. She suffered from deafness and apparently did not hear the car running." Bret testified by affidavit that after going to bed on the night of September 3, "[t]he next thing" he remembered "was being awakened by the sound of the garage door shutting. I remember getting out of bed and looking down the hallway. I was then overcome by blackness."

Rogers contended in her complaint that Timothy Rogers acted negligently by failing to lock the doors of his home at night, failing to install and maintain a carbon monoxide detector, failing to exercise reasonable responsibility toward Bret, and being otherwise negligent in the supervision of Bret and his home. She alleged that Withrow was negligent by failing to turn off her vehicle and that the estate was

"liable for the tortious negligence and misconduct of Kimberly Withrow on the grounds that Withrow was acting on behalf of Timothy Rogers at the time of the incident by driving their guest home to Cartersville. Therefore the Estate . . . is vicariously liable for all damages caused by the negligence of Withrow."

The estate moved to dismiss or for summary judgment, arguing that Georgia law does not impose a duty on a homeowner to lock his or her doors or to install a carbon monoxide detector. The estate also argued that the alleged failure to lock the doors was not the proximate cause of Bret's injuries and that the complaint included only speculation as to the cause of Bret's injuries and the deaths of Timothy Rogers and Withrow. The estate argued further that Bret's injuries were not foreseeable. Finally, the estate contended that nothing in the record showed that Withrow was acting as an agent for Timothy Rogers when she drove Goddard home.

In response, Rogers submitted her own affidavit and affidavits executed by Goddard and Bret. The trial court granted summary judgment to the estate without explanation, and Rogers appeals. We find no basis for reversal.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the moving party may discharge its burden by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on her pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Citations and footnotes omitted.) *Piedmont Hosp. v. Reddick*, 267 Ga. App. 68, 69-70 (599 SE2d 20) (2004). A serious question exists as to whether Rogers submitted competent evidence showing the cause of injuries. She stated that "Ms. Withrow had *apparently* left her car running when she arrived home." (Emphasis supplied.) The "mere possibility of causation is not enough, and when the matter is one of

pure speculation or conjecture, it becomes the duty of the court to grant summary judgment for the defendant." (Citation and footnote omitted.) Id. at 71 (1).

Even if Rogers's affidavit testimony was sufficient to establish causation, however, the record is devoid of evidence that Timothy Rogers reasonably could have foreseen the possibility of Withrow's leaving her car running and the resulting aftermath. Withrow was deaf and may have forgotten that her car was running, and perhaps, as argued by Rogers, if the doors to the house had been locked, Withrow may have had to return to her car to get her keys, and she may have switched off the car's engine. But this is nothing more than conjecture as to what *might* have happened. An inference that Bret's injuries were foreseeable to his father cannot support a claim under these facts, as this "would be mere speculation and conjecture based upon the pyramiding of inferences. [Cits.]" *Aldridge v. Tillman*, 237 Ga. App. 600, 605 (2) (516 SE2d 303) (1999).

Neither is Rogers's claim that Withrow was acting as Timothy Rogers's agent supported by competent evidence. In support of this claim, Rogers argues in her appellate brief that Withrow was "an unmarried, unemployed handicapped woman" and therefore "was particularly vulnerable and dependent on her boyfriend who provided for her support." This meant, Rogers contends, that "[h]ad he so chosen, [Timothy] Rogers had ample means to control the conduct of Ms. Withrow." This argument is not supported by the facts. Although Timothy Rogers apparently paid all the bills that the couple incurred, and although Withrow was deaf, the record is devoid of evidence that she and Timothy were involved in anything other than a romantic relationship. Nothing other than the remotest conjecture suggests an agency relationship between Withrow and Timothy Rogers. Summary judgment was warranted on this ground, as well. See *Holcomb v. Commercial Credit Svcs. Corp.*, 180 Ga. App. 451, 452 (1) (349 SE2d 523) (1986).

The estate pointed out the absence of genuine issues of material fact concerning causation, foreseeability, and agency. Rogers failed to come forward with evidence creating factual issues on these elements of her claims. Summary judgment in favor of the estate was required. See *Piedmont Hosp.*, supra, 267 Ga. App. at 71 (1). We therefore affirm.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 19, 2005.

*Jones & Bell, Lloyd N. Bell*, for appellants.
*Gray, Hedrick & Edenfield, Lloyd B. Hedrick, Jr.*, for appellee.