## A08A0564. BARKER v. ELROD et al.
### (663 SE2d 289)

ANDREWS, Judge.

Russell Lee Barker, administrator of the estate of Ester H. Blackburn, filed an initial notice of appeal on November 15, 2006, from the trial court's denial of his motion for new trial on October 16, 2006, and the entry of a final order on August 17, 2006, in this dispute over an estate. By supplemental notice of appeal, filed February 2, 2007, he also appeals from the trial court's January 10, 2007 denial of his motion to establish transcript of the bench trial.

1. Barker's first enumeration is that the trial court erred in ruling on his motion for new trial without holding a hearing as he requested, in violation of Uniform Superior Court Rule ("USCR") 6.3.

The motion for new trial was filed on September 18, 2006, and included a request that a hearing be set down. A rule nisi setting the hearing for November 10, 2006, at 9:00 a.m. was filed on October 13, 2006. On October 16, 2006, however, the trial court entered its order denying Barker's motion for new trial.

> [USCR] 6.3 provides that, "unless otherwise ordered by the court," a motion for new trial "shall be decided" after an "oral hearing." Here, the trial court did not issue an order excepting the motion filed by [Barker] from this procedural requirement. Instead, it summarily denied the motion without holding the mandatory hearing. The appellate courts of Georgia have "consistently refused to find that the failure to hold oral argument is harmless error. To hold otherwise 'would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right.' [Cits.]"
> *Heston v. Lilly*, 242 Ga. App. 902 (1) (531 SE2d 784) (2000).

*Green v. McCart*, 273 Ga. 862, 863 (1) (548 SE2d 303) (2001).

Accordingly, we remand the case back to the trial court for oral argument on Barker's motion for new trial.

2. In his second enumeration of error, Barker argues that the trial court erred in failing to establish a transcript from recollection when the parties could not agree on a proposed transcript and in failing to enter an order stating that the trial court had no independent recollection of the trial.

The motion to establish a transcript was filed on November 15, 2006, the same day as the filing of the initial notice of appeal.

> First, we note that even after the case was docketed in this Court, the superior court retained jurisdiction to add addi-

tional record [and transcript] and is the final arbiter as to any differences concerning preparation of the record [and transcript]. *Smith v. State*, 213 Ga. App. 536, 537 (3) (445 SE2d 341) [(1994)]. *The superior court's resolution of any conflicts in the evidence on plaintiffs' motion to supplement the record is dispositive and not subject to our review.* Id. at 537 (2). We add that OCGA § 5-6-41 (f) is not an instrument for supplying fatal deficiencies after the fact. *Nixon v. Rosenthal*, 214 Ga. App. 446, 447 (3) (448 SE2d 45) [(1994)].

(Emphasis in original.) *Nobles v. Prevost*, 221 Ga. App. 594, 595 (472 SE2d 134) (1996).

A hearing was held on December 20, 2006, on the motion to establish a transcript, and an order denying Barker's motion to establish a transcript was entered on January 10, 2007. In that order, the trial court noted that, because, in the pre-trial order, the parties had indicated they wanted the trial reported and no court reporter was present when the bench trial began, the court specifically inquired whether the parties intended to have the trial reported. In response,

[c]ounsel for both parties responded that they wished to proceed without a court reporter and that neither side wanted to incur the additional expense of a court reporter. . . . Neither counsel asked that the matter be delayed or continued until a court reporter was present nor did they indicate at that time there had been any difficulties or problems in obtaining a court reporter. Both counsel were unequivocally clear that their clients simply did not wish to incur the additional expense at that time and they wished to begin the trial without a court reporter.

Based on Barker's conscious and express decision not to have the trial taken down based on his finances, the trial court did not err in refusing to accept Barker's proposed transcript and refusing to prepare one from its recollection. The trial court did not base her decision on her failure to recall the trial, but, instead, found that both parties had consciously chosen not to have the trial reported and had, thereby, waived the right to have one reconstructed. We agree. See *Ruffin v. Banks*, 249 Ga. App. 297, 299 (1) (548 SE2d 61) (2001); *Tow v. Reed*, 180 Ga. App. 609, 610 (349 SE2d 829) (1986); *Giffen v. Burrell*, 176 Ga. App. 278, 279 (1) (335 SE2d 616) (1985); *Lake v. Hicks*, 147 Ga. App. 175 (1) (248 SE2d 236) (1978).

*Judgment affirmed in part and reversed in part, and case remanded with direction. Ruffin, P. J., and Bernes, J., concur.*

DECIDED JUNE 11, 2008.

*Blackburn & Blackburn, David T. Blackburn*, for appellant.
*Richard L. Yancey*, for appellees.