### A08A1435, A08A2131. PIONEER SECURITY AND INVESTIGATIONS, INC. v. HYATT CORPORATION et al.
#### (two cases).

(671 SE2d 266)

ADAMS, Judge.

Pioneer Security and Investigations, Inc. won a civil jury trial, but the trial court later set aside the verdict. Pioneer filed a notice of appeal in which it indicated that no transcript would be filed. The case was docketed in this Court as Case No. A08A1435 on March 25, 2008. Meanwhile, Pioneer changed its mind about the transcript and took steps in the trial court to have it added to the appellate record. But on May 5, that court dismissed the appeal because Pioneer failed to cause the trial transcript to be filed within 30 days of the notice of appeal as required by OCGA § 5-6-42, and failed to apply for an extension of the filing time within that same period as required by OCGA § 5-6-39. In Case No. A08A2131, Pioneer appeals that decision. We have consolidated the two cases for review.

The facts are undisputed and set out adequately in the trial court's order:

Judgement [sic] was entered in this case on December 11, 2007. [Pioneer] timely filed a Notice of Appeal on January 7, 2008. Included in that [notice], [Pioneer] states: "A transcript of the evidence and proceedings *will not* be filed for inclusion in the record on appeal."

[Pioneer] then requested the transcript on January 24, 2008. [Pioneer] filed a request for extension of time to file transcript on February 27, 2008, which was denied by order dated February 28, 2008 on the grounds that the extension was not timely requested.

On March 26, 2008, [Pioneer] then filed a Designation of Addenda to Record on Appeal in an attempt to have the transcript filed on appeal. The Defendant filed an objection to the designation in which it argued that [Pioneer] was attempting to circumvent the Court's previous order denying the request for an extension of time to file the transcript by filing the designation. On the same day (March 26, 2008) the transcript was filed [in the trial court].

(Emphasis supplied.) Meanwhile, on April 17, Pioneer filed a motion in this Court requesting supplementation of the appellate record with the transcript. And in the trial court, Pioneer filed a motion for a hearing regarding its request to supplement the record on appeal with the trial transcript. Following the May 2 hearing, the court denied the motion and dismissed Pioneer's appeal. Pioneer did not request that the motion transcript be included in the record on appeal.

First, the trial court properly addressed the issue regarding the transcript even though Case No. A08A1435 had been docketed for appeal in this Court:

> [E]ven after the case was docketed in this Court, the superior court retained jurisdiction to add additional record and transcript and is the final arbiter as to any differences concerning preparation of the record and transcript.

(Citations and punctuation omitted.) *Barker v. Elrod*, 291 Ga. App. 871, 871-872 (2) (663 SE2d 289) (2008), citing *Smith v. State*, 213 Ga. App. 536, 537 (3) (445 SE2d 341) (1994). See also *Nobles v. Prevost*, 221 Ga. App. 594, 595 (472 SE2d 134) (1996).

Second, with regard to the trial court's decision regarding the transcript,

> OCGA § 5-6-42 provides that a transcript must be filed within 30 days after the filing of the notice of appeal unless the time is extended as provided by OCGA § 5-6-39.[1] OCGA § 5-6-48 provides that the trial court may, after notice and hearing, order an appeal dismissed for a party's failure to timely file a transcript if the delay was 1) unreasonable, 2) inexcusable, and 3) caused by such party.

*Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990). "In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts." (Citations and punctuation omitted.) *Sellers v. Nodvin*, 262 Ga. 205, 206 (1) (a) (415 SE2d 908) (1992).

It is undisputed that Pioneer failed within 30 days of the notice of appeal to cause a transcript to be filed or to request additional time. It is also undisputed that Pioneer filed the transcript 49 days past the 30-day statutory deadline for filing transcripts. Pioneer

---

[1] OCGA § 5-6-39 (d) provides that "[a]ny application to any court, justice, or judge for an extension must be made before the expiration of the period for filing as originally prescribed or as extended by a permissible previous order."

admitted at the motion hearing that its actions were inexcusable, which also supports the conclusion that Pioneer caused the failure to timely file. The remaining factor is whether the delay was unreasonable.

"In considering the question of unreasonable delay, it should be remembered that the time provided for filing the transcript or record is . . . merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts." *Sellers*, 262 Ga. at 206 (1) (a). And "[t]he threshold question whether the delay was unreasonable . . . refers principally to the length and effect of the delay." (Emphasis omitted.) Id. at 206 (1) (b).

The trial court followed Supreme Court precedent in ruling that a delay of more than 30 days is prima facie unreasonable and held that Pioneer had failed to rebut the presumption. See *Kelly v. Dawson County*, 282 Ga. 189 (646 SE2d 53) (2007) (presumption). The Supreme Court has explained that a party may rebut the presumption by coming forward with evidence to show that the delay was not unreasonable. Id. See also *Brandenburg v. All-Fleet Refinishing*, 252 Ga. App. 40, 44 (6) (555 SE2d 508) (2001). In this case, we do not know whether any evidence was introduced at the hearing in rebuttal because we do not have a transcript of the hearing. Given a 49-day delay past the required deadline for filing the transcript and the lack of any evidence to rebut the presumption that such a delay is unreasonable, we cannot say the trial court abused its discretion by dismissing Pioneer's appeal. Compare *Sellers*, 262 Ga. at 207 (2) (uncontradicted evidence at the hearing showed that the delay did not delay transmission of the record to the Court of Appeals).[2]

Finally, because Pioneer was responsible for the errors regarding the transcript and because the transcript is necessary for our review of the appeal in Case No. A08A1435, "we must rely upon the presumption in favor of the regularity of all proceedings in a court of competent jurisdiction and assume that the evidence was sufficient to authorize the final judgment entered in the trial court. [Cits.]" (Punctuation omitted.) *Atlanta Public Schools v. Diamond*, 261 Ga. App. 641, 644 (2) (583 SE2d 500) (2003). See also *Acker v. Jenkins*, 178 Ga. App. 393, 394 (1) (343 SE2d 160) (1986).

*Judgments affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 16, 2008 —
RECONSIDERATION DENIED DECEMBER 15, 2008 — ■■■■■■■■

*Clark & Clark, Fred S. Clark,* for appellant.

---

[2] This reasoning resolves the multiple enumerations of error in Case No. A08A2131.

*Brannen, Searcy & Smith, Beverly G. O'Hearn, Robert C. Hughes III*, for appellees.